

**Daniel B. Pickard**
202 452 7936
daniel.pickard@bipc.com

1700 K Street, N.W., Suite 300
Washington, DC  20006-3807
T 202 452 7900
F 202 452 7989

February 22, 2023

United States Court of Appeals for the Federal Circuit
Clerk of Court, Peter R. Marksteiner
717 Madison Place, NW, Suite 401
Washington, DC 20439

Dear Mr. Marksteiner,

This cover letter is submitted in satisfaction of Federal Circuit Rule 25.1 to specify which counsel who have entered an appearance in the U.S. Court of Appeals for the Federal Circuit Case No. 2023-1355 and are not part of the applicable underlying Judicial Protective Order at the U.S. Court of International Trade and, accordingly, are not authorized to access the confidential version of the Coalition of Freight Coupler Producers' (Defendant-Intervenor-Appellee's) response brief and appendix.  The Judicial Protective Order and docket listing the individuals included in the sealed group from U.S. Court of International Trade Case No. 22-00307 are enclosed herein.

By way of background, the U.S. Court of International Trade in Case No. 22-00307 issued an Order on October 17, 2022 indicating that certain identifying

information should be treated as confidential, and the Order appears as CIT docket entry 24. (Appx2006-2007). Subsequently, the Court of International Trade issued a Protective Order (docket entry 53 of CIT Case No. 22-00307) that indicates the obligations and protections imposed by the Protective Order shall continue beyond the conclusion of the case, including any appellate proceedings, or until the Court orders otherwise. (Appx.i-v). Defendant-Intervenor-Appellee's response brief has been bracketed in the confidential version and redacted in the public version. Public disclosure of the bracketed information could cause competitive harm.

Defendant-Intervenor-Appellee identified that Attorney Jay Alexander from Covington & Burling LLP has entered an appearance in the instant Case No. 2023-1355 and was not a party to the Judicial Protective Order in the case below. Accordingly, Defendant-Intervenor-Appellee suggests that it would be appropriate for Attorney Jay Alexander to take the appropriate steps be added to the Protective Order before receiving the confidential version of the Coalition's response brief and the confidential version of the appendix.

Respectfully submitted,

**/s/ Daniel B. Pickard**
Daniel B. Pickard
BUCHANAN INGERSOLL & ROONEY PC
1700 K St. N.W., Suite 300
Washington D.C. 20006-3807
(202) 452-7900

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE GARY S. KATZMAN, JUDGE

| | |
|---|---|
| **AMSTED RAIL COMPANY, INC.,**<br>**ASF-K DE MEXICO S. DE R.L. DE C.V.,**<br>**STRATO, INC., WABTEC CORP.,**<br>**AND TTX COMPANY,**<br><br>        **Plaintiffs,**<br><br>   **v.**<br><br>**UNITED STATES INTERNATIONAL**<br>**TRADE COMMISSION,**<br><br>        **Defendant,**<br><br>**and**<br><br>**COALITION OF FREIGHT RAIL**<br>**COUPLER PRODUCERS,**<br><br>        **Defendant-Intervenor.** | **Court No. 22-00307** |

## PROTECTIVE ORDER

1. For the purposes of this Protective Order, "Proprietary Information" means information, data and documents the public disclosure of which would cause substantial competitive harm to the submitting party. Examples of such information would include: (1) terms of sale, prices of individual sales, likely sales, or other offers and names of particular customers, distributors, or suppliers; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files, financial information and other business records; and (4) other

confidential research, development, or commercial information as set forth in Rule 26(c)(1)(G) of the Rules of this Court.

2.    This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties. This Protective Order does not restrict in any manner a party's use of its own Proprietary Information.

3.    No receiving party may disclose any document designated as containing Proprietary Information, or any information contained in such a document, to any person other than:

    A.    Counsel for a party in this action who are engaged in the conduct or preparation of this action or any appeal from a decision in this action;

    B.    Secretaries, paralegal assistants, clerical personnel, and other employees of a party in this action who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action;

    C.    Persons who prepared, received, or reviewed such Proprietary Information prior to its production in this case;

    D.    Government personnel or investigators to whom counsel determine in good faith that disclosure is required to assist in the disposition of this case;

    E.    Authorized personnel of the U.S. Court of International Trade;

    F.    Videographers or court reporters retained by a party to this action or the Court; and

    G.    Any third-party consultant or experts who are retained to assist in the preparation of this action.

4.    Counsel for the parties shall cause all persons under counsel's direction and control who see Proprietary Information to comply with the terms of this Protective Order, and to sign a

statement to be filed with the Court acknowledging that their access to Proprietary Information will be under the direction and control of counsel, and that they will comply with the terms of this Protective Order. The filing of a Form 17 (Business Proprietary Information Certification) under the Rules of the U.S. Court of International Trade will satisfy the requirements of this paragraph. The requirement to sign and file a statement with the Court does not apply to Government personnel.

5.   All persons having access to Proprietary Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. Persons receiving Proprietary Information pursuant to this Protective Order will not use or disclose any such information for any purpose other than the litigation of this action.

6.   A designation of information as "confidential" or "business proprietary" is to be made by enclosing such information in brackets and stamping or otherwise inscribing the word "CONFIDENTIAL" and/or "BUSINESS PROPRIETARY INFORMATION" and/or "PROPRIETARY DOCUMENT" and/or "SUBJECT TO PROTECTIVE ORDER" upon the document itself. When a document contains information that is both non-confidential and confidential, the producing party will make a reasonable effort to segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential. The filing with the Court of confidential and public versions of a party's appendix will satisfy the requirements of this paragraph. Those portions of documents which are not confidential will not be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference, or summarize non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

7.   Any documents, including briefs and memoranda that are filed with the Court in this civil action and that contain any Proprietary Information, shall be conspicuously marked as containing Proprietary Information that is not to be disclosed to the public.

8.   Arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, counsel for the plaintiff, and counsel for the defendant. The party filing any document referred to in this paragraph shall also file a non-confidential version of such document from which all of the  Proprietary Information shall have been deleted in accordance with Rule 81 of the Rules of this Court. The non-confidential version may be filed within one day of the filing of the original confidential version in accordance with Rule 5(g) of the Rules of this Court.

9.   If counsel for any party to this Protective Order finds it necessary to refer to  Proprietary Information in any oral proceeding before this Court, such counsel shall notify the Court and all other counsel of record as soon as the necessity becomes apparent and propose whatever mechanism which may be available and appropriate to prevent disclosure of  Proprietary Information to persons other than those authorized by this Protective Order.

10. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, including any appellate proceedings, or until the Court orders otherwise.

11. Within 30 days of the final conclusion of this litigation, including such appellate review as may occur, documents designated as Proprietary Information and all copies of same (other than exhibits of record) will be destroyed by any non-Government receiving party and such parties will certify to the Court the destruction of same.

12. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

13. If a dispute arises concerning the designation of any Proprietary Information, the parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

14. If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Proprietary Information under this Protective Order, a party may apply to or move for the Court to resolve the issue. Material designated as Proprietary Information shall be treated as such by the parties until the Court has determined or ordered otherwise. The burden rests on the party designating the material as Proprietary Information to demonstrate that such designation is proper.

SO ORDERED.

/S/  Gary S. Katzmann
JUDGE

Dated:  October 27, 2022
New York, New York

v

APPEAL,TERMINATED

# U.S. Court of International Trade
# LIVE Database (New York)
# CIT DOCKET FOR CASE #: 1:22-cv-00307-GSK

Amsted Rail Company, Inc. et al v. United States International
Trade Commission
**Assigned to:** Gary S. Katzmann
**Lead Docket:**

**Date Filed:** 10/14/2022
**Jury Demand:** No

**Jurisdiction:**
28USC § 1581(i) Residual Jurisdiction

**Date Terminated:** 11/15/2022

**Category:**
Tariffs, Duties, Fees, Other Taxes 28USC § 1581(i)(2)
Administration and Enforcement 28USC § 1581(i)(4)

**Date Reopened:**

**Date Reopened:**

**Date Filed:** 10/14/2022

**Does this action raise an issue of
constitutionality?:** N

**Agency:**
U.S. International Trade Commission

**Product Description:**
Freight Rail Couplers

**Export Country:**
China
Mexico

**Plaintiff**

**Amsted Rail Company, Inc.**                     represented by   **Richard Preston Ferrin**
                                                                   Faegre Drinker Biddle & Reath, LLP
                                                                   1500 K Street, NW.
                                                                   Washington, DC 20005
                                                                   (202) 230-5803
                                                                   Fax  (202) 842 8465
                                                                   Email: richard.ferrin@faegredrinker.com
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   ***ATTORNEY IN SEALED GROUP***
                                                                   *Bar Status: ACTIVE*

                                                                   **Brian Perryman**
                                                                   Faegre Drinker Biddle & Reath, LLP
                                                                   1500 K Street, NW.
                                                                   Suite 1100
                                                                   Washington, DC 20005
                                                                   (202) 230 5225
                                                                   Fax: (202) 842-8465

Court of International Trade (Live Database)

Email  brian perryman@faegredrinker com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Carolyn Bethea Connolly**
Faegre Drinker Biddle & Reath, LLP
1500 K Street, NW.
Suite 1100
Washington, DC 20005
(202) 230 5330
Fax: (202) 842-8465
Email  Carrie Connolly@faegredrinker com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Douglas John Heffner**
Faegre Drinker Biddle & Reath, LLP
1500 K Street, NW.
Suite 1100
Washington, DC 20005-1209
(202) 230 5802
Fax: (202) 842-8465
Email  douglas heffner@faegredrinker com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Plaintiff**

**ASF-K de Mexico S. de R.L. de C.V.**      represented by    **Richard Preston Ferrin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Brian Perryman**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Carolyn Bethea Connolly**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Douglas John Heffner**
(See above for address)
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Plaintiff**

**Strato, Inc.**                                        represented by **Andrew Thomas Schutz**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW.
Suite 650
Washington, DC 20005
(202) 661-7795
Fax: (202) 783-0405
Email: aschutz@gdlsk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Ned Herman Marshak**
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
599 Lexington Avenue
36th Floor
New York, NY 10022
(212) 557-4000
Fax: (212) 557-4415
Email: nmarshak@gdlsk.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Richard Preston Ferrin**
(See above for address)
***Bar Status: ACTIVE***

**Plaintiff**

**TTX Company**                                       represented by **James McCall Smith**
Covington & Burling LLP
One City Center
850 Tenth Street, NW.
Washington, DC 20001  4956
(202) 662-5550
Fax  (202) 778 5550
Email: jmsmith@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Richard Preston Ferrin**
(See above for address)
***Bar Status: ACTIVE***

**Shara Louise Aranoff**
Covington & Burling LLP
One City Center

850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662 5997
Email: saranoff@cov.com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status ACTIVE***

**Sooan (Vivian) Choi**
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW.
Washington, DC 20001 4956
(202) 662-5713
Email vchoi@cov com
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Plaintiff**

**Wabtec Corp.**        represented by    **David M. Morrell**
Jones Day
51 Louisiana Avenue, NW.
Washington, DC 20001
(202) 879-3636
Email: dmorrell@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Ryan Mackenzie Proctor**
Jones Day
51 Louisiana Avenue, NW.
Washington, DC 20001
(770) 639-6644
Email: rproctor@jonesday.com
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Defendant**

**United States International Trade**    represented by    **David A.J. Goldfine**
**Commission**
U.S. International Trade Commission
Office of the General Counsel
500 E Street, SW.
Washington, DC 20436
(202) 708-5452
Fax (202) 205 3111
Email: david.goldfine@usitc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Andrea C. Casson**
U.S. International Trade Commission
Office of the General Counsel
500 E Street, SW.
Suite 707
Washington, DC 20436
(202) 205 3105
Fax: (202) 205-3111
Email  andrea casson@usitc gov
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Brian Robert Allen**
U S  International Trade Commission
Office of the General Counsel
500 E Street, SW
Washington, DC 20436
(202) 205 3034
Fax: (202) 205-3111
Email  brian allen@usitc gov
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Jane Chang Dempsey**
U S  International Trade Commission
Office of the General Counsel
500 E Street, SW
Washington, DC 20436
(202) 205 3142
Fax: (202) 205-3111
Email  jane dempsey@usitc gov
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Defendant-Intervenor**

**Coalition of Freight Coupler Producers**          represented by **Daniel Brian Pickard**
Buchanan Ingersoll & Rooney PC
1700 K Street, NW.
Suite 300
Washington, DC 20006-3807
(202) 452-7900
Fax: (202) 452-7989
Email: daniel.pickard@bipc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
***Bar Status: ACTIVE***

**Amanda L. Wetzel**
Buchanan Ingersoll & Rooney PC
Two Liberty Place

50 South 16th Street
Suite 3200
Philadelphia, PA 19102 2555
(215) 527-7263
Email  amanda wetzel@bipc com
*ATTORNEY TO BE NOTICED*
**ATTORNEY IN SEALED GROUP**
**Bar Status: ACTIVE**

**Claire M. Webster**
Buchanan Ingersoll & Rooney PC
1700 K Street, NW.
Suite 300
Washington, DC 20009
(202) 452 7934
Email: claire.webster@bipc.com
*ATTORNEY TO BE NOTICED*
**ATTORNEY IN SEALED GROUP**
**Bar Status  ACTIVE**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2022 | 1 | Summons   Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | 2 | Form 5 Information Statement . Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | 3 | Form 13 Corporate Disclosure Statement *for Amsted Rail Company, Inc*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of Amsted Rail Company, Inc.. (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | 4 | Form 13 Corporate Disclosure Statement *for ASF-K de Mexico S. de R.L. de C.V.*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S. de R.L. de C.V.. (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | 5 | Form 13 Corporate Disclosure Statement *for Strato, Inc* Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of Strato, Inc.. (Ferrin, Richard) (Entered  10/14/2022) |
| 10/14/2022 | 6 | Form 13 Corporate Disclosure Statement *for TTX Company*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of TTX Company. (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | 7 | Form 13 Corporate Disclosure Statement *for Wabtec Corp*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of Wabtec Corp   (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | 8 | Form 11 Notice of Appearance *for Richard P. Ferrin*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S. de R.L. de C.V., Amsted Rail Company, Inc..(Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | 9 | Form 11 Notice of Appearance *for Douglas J Heffner* Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S. de R.L. de C.V., Amsted Rail Company, Inc  (Ferrin, Richard) (Entered  10/14/2022) |

| | | |
|---|---|---|
| 10/14/2022 | [10](#) | Form 11 Notice of Appearance *for Carolyn Bethea Connolly*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF K de Mexico S de R L de C.V., Amsted Rail Company, Inc..(Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | [11](#) | Form 11 Notice of Appearance *for Andrew T. Schutz and Ned H. Marshak*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of Strato, Inc.. (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | [12](#) | Form 11 Notice of Appearance *for David M Morrell* Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of Wabtec Corp..(Ferrin, Richard) (Entered 10/14/2022) |
| 10/14/2022 | [13](#) | Form 11 Notice of Appearance *for James M. Smith, Shara L. Aranoff, and Sooan (Vivian) Choi*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of TTX Company.(Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | [14](#) | Verified Complaint against U.S. International Trade Commission. Answer due by 12/13/2022 Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs.(Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | [15](#) | Application/Motion for temporary restraining order . Responses due by 11/4/2022. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs.(Ferrin, Richard) (Entered: 10/14/2022) |
| 10/14/2022 | [16](#) | Application/Motion for temporary restraining order *(Proposed Order)* Responses due by 11/4/2022 Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs (Ferrin, Richard) (Entered 10/14/2022) |
| 10/14/2022 | [17](#) | Memorandum of Points and Authorities *in Support of Plaintiffs' Motion for Temporary Restraining Order*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Ferrin, Richard) (Entered: 10/14/2022) |
| 10/17/2022 | [18](#) | Certificate of service (related document(s) [15](#) , [17](#) , [1](#) , [14](#) , [16](#) ). Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs (Ferrin, Richard) (Entered: 10/17/2022) |
| 10/17/2022 | 19 | *TRO Status Conference*. Status Conference set for 10/17/2022 02:00 PM in Courtroom No. 1. (Cheevers, Casey) (Entered: 10/17/2022) |
| 10/17/2022 | [20](#) | Status Conference held on 10/17/2022 at 2:00 p.m. in Courtroom No. 1. *Appearance Sheet attached* (Cheevers, Casey) (Entered 10/17/2022) |
| 10/17/2022 | [21](#) | Confidential Order entered on 10/17/2022 staying the release of business proprietary information submitted by Plaintiffs.(Related Doc # [15](#) )(Related Doc # [16](#) ). (Cheevers, Casey) (Entered: 10/17/2022) |
| 10/17/2022 | [22](#) | Public Version of Confidential Order entered on 10/17/2022 staying the release of business proprietary information submitted by Plaintiffs (related document [21](#) (Cheevers, Casey) (Entered: 10/17/2022) |
| 10/17/2022 | [23](#) | [DUPLICATE ENTRY OF DOCUMENT [22](#) ] Public Version of Confidential Order entered on 10/17/2022 staying the release of business proprietary information submitted by Plaintiffs. (Related Doc # [16](#) ). (Cheevers, Casey) Modified on 10/17/2022 (Cheevers, Casey). (Entered: 10/17/2022) |
| 10/17/2022 | 24 | Order entered on 10/17/2022 Procedural Order: Consistent with the issuance of public and confidential versions of an order in this case by the court today [Docs # 21 and 22] as relates to the identifying information in that order, the parties are directed henceforth to |

| | | file public and confidential versions relating to that identifying information (Warner, Scott) (Entered: 10/17/2022) |
|---|---|---|
| 10/17/2022 | [25](#) | Order entered on 10/17/2022 Amended Order ORDERED that the release by the International Trade Commission to [[ ]] of business proprietary information submitted by Plaintiffs in the antidumping and countervailing duty investigations, as well as the requirement of Plaintiffs to disclose such business proprietary information to [[ ]], before the Commission styled Certain Freight Rail Couplers and Parts Thereof from China and Mexico, USITC Inv. Nos. 701-TA-682 and 731-TA-1593-1593, BE STAYED. (Swindell, Stephen) (Entered: 10/17/2022) |
| 10/17/2022 | [26](#) | Order entered on 10/17/2022 Amended Confidential Order (Swindell, Stephen) (Entered 10/17/2022) |
| 10/18/2022 | [27](#) | Confidential Order entered on 10/18/2022 granting Motion for temporary restraining order (Related Doc # [15](#) ) (Related Doc # [16](#) ). (Cheevers, Casey) (Entered: 10/18/2022) |
| 10/18/2022 | [28](#) | Public Version of Confidential Temporary Restraining Order entered on 10/18/2022. [SEE ORDER FOR DETAILS] ORDERED that Plaintiffs' Motion for Temporary Restraining Order is GRANTED effective at 10:30 a.m. on October 18, 2022. ORDERED that Defendant shall, by October 21, 2022, file a response to Plaintiffs' Motion for Temporary Restraining Order, Oct. 14, 2022, ECF No. 15, which the court deems to be a motion for preliminary injunction absent objection by Plaintiffs; that Plaintiff's shall file a reply to Defendant's response by October 26, 2022; ORDERED that, pursuant to USCIT Rule 65(b), the Commission and other persons so temporarily enjoined shall remain enjoined effective from the date of issuance of this order until the earlier of November 1, 2022, fourteen days from the date of this order, unless renewed, or the date upon which this court rules on the Motion for Preliminary Injunction after a hearing scheduled by the court (Cheevers, Casey) (Entered 10/18/2022) |
| 10/18/2022 | [29](#) | Bond in the amount of $ 1.00 posted *as required by TRO*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Ferrin, Richard) (Entered: 10/18/2022) |
| 10/18/2022 | [30](#) | Erratum Order for Temporary Restraining Order entered on 10/18/2022.(Cheevers, Casey) (Entered 10/18/2022) |
| 10/18/2022 | [31](#) | Form 11 Notice of Appearance . Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers.(Pickard, Daniel) (Entered: 10/18/2022) |
| 10/18/2022 | [32](#) | Form 11 Notice of Appearance *for Claire M. Webster*. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers (Pickard, Daniel) (Entered: 10/18/2022) |
| 10/18/2022 | [33](#) | Form 11 Notice of Appearance *for Amanda Wetzel*. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers. (Pickard, Daniel) (Entered: 10/18/2022) |
| 10/18/2022 | [34](#) | Form 13 Corporate Disclosure Statement *of the Coalition of Freight Coupler Producers* Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers (Pickard, Daniel) (Entered 10/18/2022) |
| 10/18/2022 | [35](#) | Partial Consent Motion to Intervene as Defendant-Intervenor *Coalition of Freight Coupler Producers*. Responses due by 11/8/2022. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers. (Pickard, Daniel) (Entered: 10/18/2022) |

| 10/19/2022 | [36](#) | Order entered on 10/19/2022 assigning action to Judge Gary S. Katzmann.(Cheevers, Casey) (Entered 10/19/2022) |
|---|---|---|
| 10/19/2022 | [37](#) | Form 11 Notice of Appearance *for Brian Perryman*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S. de R.L. de C.V., Amsted Rail Company, Inc..(Ferrin, Richard) (Entered: 10/19/2022) |
| 10/20/2022 | [38](#) | Order entered on 10/20/2022 granting Consent Motion to intervene as defendant-intervenor ORDERED that the Coalition of Freight Coupler Producers is a party to this action as defendant-intervenor (Related Doc # [35](#) ). (Goell, Geoffrey) (Entered: 10/20/2022) |
| 10/21/2022 | [39](#) | Transcript of TRO Status Conference held on 10/17/2022 filed with court. Pursuant to Administrative Order 08-01 re: the redaction of personal data identifiers. Notice of Intent to Redact Deadline due 10/28/2022. Redaction Request due 11/14/2022. Redacted Transcript Deadline set for 11/21/2022. Release of Transcript Restriction set for 1/19/2023. (Goell, Geoffrey) (Entered: 10/21/2022) |
| 10/21/2022 | [40](#) | Form 11 Notice of Appearance . Filed by David A.J. Goldfine of U.S. International Trade Commission on behalf of All Defendants (Goldfine, David) (Entered 10/21/2022) |
| 10/21/2022 | [41](#) | Confidential Response to motion *for a Preliminary Injunction* (related document(s) [15](#) ). Filed by Jane Chang Dempsey of U.S. International Trade Commission on behalf of United States International Trade Commission. (Attachments: # [1](#) Proposed Order, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Exhibit 10, # [12](#) Exhibit 11, # [13](#) Exhibit 12, # [14](#) Exhibit 13) (Dempsey, Jane) (Entered: 10/21/2022) |
| 10/21/2022 | [42](#) | Public Response to motion *for a Preliminary Injunction* (related document(s) [15](#) )  Filed by Jane Chang Dempsey of U.S. International Trade Commission on behalf of United States International Trade Commission  (Attachments # [1](#) Proposed Order, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Exhibit 10, # [12](#) Exhibit 11, # [13](#) Exhibit 12, # [14](#) Exhibit 13) (Dempsey, Jane) (Entered: 10/21/2022) |
| 10/24/2022 | [43](#) | Confidential Amended complaint against All Defendants (related document(s) [14](#) ). Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Attachments: # [1](#) Redline to Original Complaint)(Ferrin, Richard) (Entered: 10/24/2022) |
| 10/24/2022 | [44](#) | Public Amended complaint against All Defendants (related document(s) [43](#) , [14](#) ). Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Attachments: # [1](#) Redline to Original Complaint)(Ferrin, Richard) (Entered: 10/24/2022) |
| 10/24/2022 | [45](#) | Confidential Motion to dismiss case . Response to Dispositive Motion due by 11/28/2022. Filed by Andrea C. Casson of U.S. International Trade Commission on behalf of United States International Trade Commission. (Attachments: # [1](#) Letter, # [2](#) Letter)(Casson, Andrea) (Entered: 10/24/2022) |
| 10/24/2022 | [46](#) | Motion to dismiss case   Response to Dispositive Motion due by 11/28/2022  Filed by Andrea C. Casson of U.S. International Trade Commission on behalf of United States International Trade Commission  (Attachments  # [1](#) Letter, # [2](#) Letter)(Casson, Andrea) (Entered: 10/24/2022) |
| 10/24/2022 | [47](#) | Confidential Second Application/Motion for preliminary injunction . Responses due by 11/14/2022  Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP, David M. Morrell of Jones Day, Brian Perryman of Faegre Drinker Biddle & Reath LLP, |

| | | |
|---|---|---|
| | | Douglas John Heffner of Faegre Drinker Biddle & Reath, LLP, Carolyn Bethea Connolly of Faegre Drinker Biddle & Reath, LLP, Andrew Thomas Schutz of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, Ned Herman Marshak of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, James McCall Smith of Covington & Burling LLP, Shara Louise Aranoff of Covington & Burling LLP, Sooan (Vivian) Choi of Covington & Burling LLP on behalf of All Plaintiffs. (Attachments: # 1 Memorandum of Law, # 2 Proposed Order)(Ferrin, Richard) (Entered 10/24/2022) |
| 10/24/2022 | 48 | Second Application/Motion for preliminary injunction *(Public Version)*. Responses due by 11/14/2022 Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP, David M. Morrell of Jones Day, Brian Perryman of Faegre Drinker Biddle & Reath LLP, Douglas John Heffner of Faegre Drinker Biddle & Reath, LLP, Carolyn Bethea Connolly of Faegre Drinker Biddle & Reath, LLP, Andrew Thomas Schutz of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, Ned Herman Marshak of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, James McCall Smith of Covington & Burling LLP, Shara Louise Aranoff of Covington & Burling LLP, Sooan (Vivian) Choi of Covington & Burling LLP on behalf of All Plaintiffs. (Attachments: # 1 Memorandum of Law, # 2 Proposed Order)(Ferrin, Richard) (Entered: 10/24/2022) |
| 10/26/2022 | 49 | Joint Motion for protective order Responses due by 11/16/2022 Filed by Jane Chang Dempsey of U.S. International Trade Commission on behalf of United States International Trade Commission (Attachments # 1 Protective Order)(Dempsey, Jane) (Entered: 10/26/2022) |
| 10/26/2022 | 50 | Reply *in Support of Plaintiffs' First Motion for Preliminary Injunction* (related document(s) 41 , 42 ). Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs.(Ferrin, Richard) (Entered: 10/26/2022) |
| 10/26/2022 | 51 | Confidential Response to motion *Request for Temporary Restraining Order and Proposed Order to Vacate* (related document(s) 15 ). Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (Pickard, Daniel) (Entered: 10/26/2022) |
| 10/26/2022 | 52 | Response to motion *Request for Temporary Restraining Order and Proposed Order to Vacate* (related document(s) 15 ). Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (Pickard, Daniel) (Entered: 10/26/2022) |
| 10/27/2022 | 53 | Order entered on 10/27/2022 joint granting Motion for protective order. Joint Protective Order issued (Related Doc # 49 ) (Goell, Geoffrey) (Entered 10/27/2022) |
| 10/27/2022 | 54 | Order entered on 10/27/2022; ORDERED that the Temporary Restraining Order is extended and will continue in full force and effect to November 15, 2022 at 10:30 a.m. Eastern Time, fourteen days from the initial expiration of the Temporary Restraining Order, subject to further order of this court; and it is further ORDERED that the Commission shall, by 6 p.m. Eastern Time on November 2, 2022, file a sur-reply to Plaintiffs' Reply Brief, Oct. 26, 2022, ECF No. 50; and it is further ORDERED that Plaintiffs shall, by 6 p.m. Eastern Time on November 2, 2022, file a response to Defendant-Intervenor's Response to Motion for Temporary Restraining Order and Motion to Vacate Temporary Restraining Order, Oct. 26, 2022, ECF No. 51; and it is further ORDERED that a hearing on Plaintiffs' First Motion for Preliminary Injunction and Defendant-Intervenor's Motion to Vacate the Temporary Restraining Order is scheduled |

| | | |
|---|---|---|
| | | for November 7, 2022 at 2 30 p m Eastern Time at the Court of International Trade in New York, New York in Courtroom No. 1. (Goell, Geoffrey) (Entered: 10/27/2022) |
| 10/27/2022 | 55 | Certificate of service *of Summons and Amended Complaint* (related document(s) 1 , 43 ). Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Ferrin, Richard) (Entered: 10/27/2022) |
| 10/28/2022 | 56 | Consent Motion to reschedule hearing for 11/9/2022 (related document(s) 54 ) Responses due by 11/18/2022. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers (Pickard, Daniel) Modified on 10/28/2022 Goell, Geoffrey). (Entered: 10/28/2022) |
| 10/28/2022 | 57 | Order entered on 10/28/2022 granting Consent Motion to reschedule Hearing. ORDERED that the Hearing on Plaintiffs' First Motion for Preliminary Injunction and Defendant-Intervenor's Motion to Vacate the Temporary Restraining Order is rescheduled for Wednesday, November 9, 2022 at 9:00 a.m. in Court of International Courtroom 1 (Related Doc # 56 ). (Goell, Geoffrey) (Entered: 10/28/2022) |
| 10/31/2022 | 58 | Form 11 Notice of Appearance Filed by Brian Robert Allen of U S International Trade Commission on behalf of United States International Trade Commission.(Allen, Brian) (Entered 10/31/2022) |
| 11/02/2022 | 59 | Confidential Sur-reply *to Plaintiffs' Reply in Support of Their First Motion for a Preliminary Injunction* (related document(s) 15 ). Filed by Jane Chang Dempsey of U.S. International Trade Commission on behalf of United States International Trade Commission. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Dempsey, Jane) (Entered: 11/02/2022) |
| 11/02/2022 | 60 | Sur-reply *to Plaintiffs' Reply in Support of Their First Motion for a Preliminary Injunction* (related document(s) 15 ) Filed by Jane Chang Dempsey of U S International Trade Commission on behalf of United States International Trade Commission. (Attachments # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Dempsey, Jane) (Entered 11/02/2022 |
| 11/02/2022 | 61 | Reply *to Defendant-Intervenor in Support of Plaintiffs' First Motion for Preliminary Injunction and Response to Defendant-Intervenor's Motion to Vacate Temporary Restraining Order* (related document(s) 52 , 51 ). Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Ferrin, Richard) (Entered: 11/02/2022) |
| 11/02/2 22 | 62 | Confidential Response to motion *to dismiss by Defendant* (related document(s) 46 ) Replies due by 11/23/2022. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs (Ferrin, Richard) (Entered 11/02/2022) |
| 11/02/2022 | 63 | Public Response to motion *to dismiss by Defendant* (related document(s) 46 ). Replies due by 11/23/2022. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs.(Ferrin, Richard) (Entered: 11/02/2022) |
| 11/02/2022 | 64 | Notice of Supplemental Authority filed. . Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers (Attachments: # 1 Exhibit Tab 1, # 2 Exhibit Tab 2, # 3 Exhibit Tab 3, # 4 Exhibit Tab 4, # 5 Exhibit Tab 5)(Pickard, Daniel) (Entered 11/02/2022) |
| 11/03/2022 | 65 | Revised Form 11 Notice of Appearance *for Brian Perryman*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S. de R.L. de C.V., Amsted Rail Company, Inc..(Ferrin, Richard) (Entered: 11/03/2022) |
| 11/03/2022 | 66 | Form 11 Notice of Appearance *for Daniel B. Pickard*. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers |

| | | |
|---|---|---|
| | | (Pickard, Daniel) (Entered: 11/03/2022) |
| 11/03/2022 | 67 | Form 11 Notice of Appearance *for Claire M. Webster*. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers. (Pickard, Daniel) (Entered: 11/03/2022) |
| 11/03/2022 | 68 | Form 11 Notice of Appearance *for Amanda L. Wetzel*. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers (Pickard, Daniel) (Entered: 11/03/2022) |
| 11/03/2022 | 69 | Form 13 Corporate Disclosure Statement *of the Coalition of Freight Coupler Producers*. Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers. (Pickard, Daniel) (Entered: 11/03/2022) |
| 11/03/2 22 | 70 | Reply *to Defendant's Intervenor's Notification of Supplemental Authority* Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S de R L de C V, Amsted Rail Company, Inc , Strato, Inc , TTX Company (Ferrin, Richard) (Entered: 11/03/2022) |
| 11/04/2022 | 71 | Paperless Order entered on 11/4/2022; ORDERED that the Hearing Scheduled for November 9, 2022 at 9:00 AM in CIT Courtroom 1 will be a CLOSED hearing. (Goell, Geoffrey) (Entered: 11/04/2022) |
| 11/07/2 22 | 72 | Form 11 Notice of Appearance   Filed by Ryan Mackenzie Proctor of Jones Day on behalf of Wabtec Corp..(Proctor, Ryan) (Entered: 11/07/2022) |
| 11/07/2022 | 73 | Motion to dismiss case *Motion to Dismiss Amended Complaint and Memorandum in Support of Motion to Dismiss*. Response to Dispositive Motion due by 12/12/2022. Filed by Brian Robert Allen of U.S. International Trade Commission on behalf of United States International Trade Commission.(Allen, Brian) (Entered: 11/07/2022) |
| 11/07/2022 | 74 | Motion for extension of time until 11/18/2022 to *Consent Motion to Extend Deadline to Respond to Plaintiffs' Second Motion for a Preliminary Injunction* (related document(s) 47 ). Responses due by 11/28/2022. Filed by Brian Robert Allen of U.S. International Trade Commission on behalf of United States International Trade Commission (Allen, Brian) (Entered: 11/07/2022) |
| 11/08/2022 | 75 | Order entered on 11/8/2022 granting Consent Motion for extension of time respond to Plaintiffs' Second Motion for a Preliminary Injunction. ORDERED, that the motion is granted and Defendant shall file its Response no laterthan November 18, 2022; and it is further ORDERED, that any motion by Plaintiffs for leave to file a brief in reply to Defendant's Response will be filed by no later than December 2, 2022 (Related Doc # 74 ). (Goell, Geoffrey) (Entered: 11/08/2022) |
| 11/09/2022 | 76 | Confidential Hearing held on November 9, 2022 at 9:00 AM in Courtroom 1. *The parties may file a post hearing submission (of no more than 1,000 words) by close of business (5:00 p.m. eastern) on November 10, 2022*. (Goell, Geoffrey) (Entered: 11/09/2022) |
| 11/09/2022 | 77 | Notice of Supplemental Authority filed. . Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs.(Ferrin, Richard) (Entered: 11/09/2022 |
| 11/09/2 22 | 78 | Notice of Supplemental Authority filed   Filed by Brian Robert Allen of U S International Trade Commission on behalf of United States International Trade Commission (Allen, Brian) (Entered 11/09/2022) |
| 11/10/2022 | 79 | Post-Trial Memorandum *Post-Hearing Submission*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs. (Ferrin, Richard) (Entered: 11/10/2022) |

| 11/15/2022 | 80 | Confidential Order entered on 11/15/2022, Confidential Slip opinion: 22-124; The Amended Complaint is dismissed without prejudice to refiling under 28 U S C § 1581(c) (related document(s) 60 , 78 , 63 , 52 , 73 , 43 , 48 , 46 , 59 , 45 , 47 , 41 , 70 , 44 , 64 , 51 , 42 )  (Goell, Geoffrey) (Entered  11/15/2022) |
| 11/15/2022 | 81 | Order entered on 11/15/2022; ORDERED that the Temporary Restraining Order, Oct. 18, 2022, ECF No. 28, and Order Extending Temporary Restraining Order, Oct. 27, 2022, ECF No. 54, are vacated. (Goell, Geoffrey) (Entered: 11/15/2022) |
| 11/15/2022 | 82 | Order entered on 11/15/2022; Judgment Order issued (related document(s) 80 ). (Goell, Geoffrey) (Entered 11/15/2022) |
| 11/15/2022 | 83 | Letter issued by The Honorable Gary S. Katzmann concerning *redactions for public version of Slip Op. 22-124. SEE LETTER*. (Goell, Geoffrey) (Entered: 11/15/2022) |
| 11/15/2 22 | 84 | Response to Court's Request/Order *for Bracketing Changes*  Filed by Daniel Brian Pickard of Buchanan Ingersoll and Rooney PC on behalf of Coalition of Freight Coupler Producers  (Pickard, Daniel) (Entered  11/15/2022) |
| 11/15/2022 | 85 | Response to Court's Request/Order . Filed by Brian Robert Allen of U.S. International Trade Commission on behalf of United States International Trade Commission. (Allen, Brian) (Entered: 11/15/2022) |
| 11/16/2022 | 86 | Response to Court's Request/Order *of November 15, 2022*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of All Plaintiffs  (Ferrin, Richard) (Entered: 11/16/2022) |
| 11/16/2022 | 87 | Response to Court's Request/Order *re Bracketing*. Filed by Andrew Thomas Schutz of Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP on behalf of Strato, Inc.. (Schutz, Andrew) (Entered: 11/16/2022) |
| 11/16/2 22 | 88 | Order entered on 11/16/2022, Slip Op  22 124; Public Version issued (related document(s) 80 ). (Goell, Geoffrey) (Entered: 11/16/2022) |
| 11/18/2022 | 89 | Motion for injunction pending appeal (related document(s) 88 ). Responses due by 12/9/2022. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S. de R.L. de C.V., Amsted Rail Company, Inc., Strato, Inc., TTX Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Ferrin, Richard) (Entered: 11/18/2022 |
| 11/29/2 22 | 90 | Order entered on 11/29/2022; Upon consideration of Certain Plaintiffs' Motion for Injunction Pending Appeal ("Motion"), Nov. 18, 2022, ECF No. 89, it is hereby ORDERED that Plaintiffs will answer the following questions in a filing due tomorrow, November 30, 2022. SEE ORDER. ORDERED that Defendants andDefendant-Intervenor shall file their responses to the Motion, if any, by December 6, 2022; and it is further ORDERED that a remote oral argument on the Motion is scheduled for Wednesday, December 7, 2022 at 10 a m , subject to further order of this court  (Goell, Geoffrey) (Entered: 11/29/2022) |
| 11/30/2022 | 91 | Response to Court's Request/Order *dated November 29, 2022*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF-K de Mexico S. de R.L. de C.V., Amsted Rail Company, Inc., Strato, Inc., TTX Company. (Ferrin, Richard) (Entered: 11/30/2022) |
| 12/01/2022 | 92 | Paperless Order entered on 12/1/2022; The Webex Oral Argument Scheduled for December 7,2022 at 10 00 will be a CLOSED oral argument  (Goell, Geoffrey) (Entered 12/01/2022) |

| 12/06/2022 | 93 | Confidential Response to motion *for Injunction Pending Appeal* (related document(s) 89 ) Filed by Daniel Brian Pickard of Buchanan Ingersoll & Rooney PC on behalf of Coalition of Freight Coupler Producers. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Pickard, Daniel) (Entered 12/06/2022) |
|---|---|---|
| 12/06/2022 | 94 | Response to motion *for Injunction Pending Appeal* (related document(s) 89 ). Filed by Daniel Brian Pickard of Buchanan Ingersoll & Rooney PC on behalf of Coalition of Freight Coupler Producers. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Pickard, Daniel) (Entered: 12/06/2022) |
| 12/06/2022 | 95 | Response to motion *for Injunction Pending Appeal* (related document(s) 89 ) Filed by Jane Chang Dempsey of U.S. International Trade Commission on behalf of United States International Trade Commission  (Attachments  # 1 Proposed Order) (Dempsey, Jane) (Entered: 12/06/2022) |
| 12/07/2022 | 96 | Closed Oral Argument via Webex on the Motion for Injunction Pending Appeal held on December 7, 2022 at 10:00 AM. *The parties may file a post argument submission (of no more that 750 words) by close of business on December 8, 2022.* (Goell, Geoffrey) (Entered: 12/07/2022) |
| 12/08/2022 | 97 | Confidential Transcript of Confidential Hearing held on 11/9/2022 filed with court. Pursuant to Administrative Order 08 01 re  the redaction of personal data identifiers Notice of Intent to Redact Deadline due 12/15/2022. Redaction Request due 12/29/2022. Redacted Transcript Deadline set for 1/9/2023  Release of Transcript Restriction set for 3/8/2023. (Goell, Geoffrey) Modified on 12/8/2022 (Goell, Geoffrey). (Entered: 12/08/2022) |
| 12/08/2022 | 98 | Response to Court's Request/Order *for Post-Argument Submissions*. Filed by Daniel Brian Pickard of Buchanan Ingersoll & Rooney PC on behalf of Coalition of Freight Coupler Producers. (Pickard, Daniel) (Entered: 12/08/2022) |
| 12/08/2022 | 99 | Response to Court's Request/Order *for post-hearing submission*. Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF K de Mexico S  de R L de C.V., Amsted Rail Company, Inc.. (Ferrin, Richard) (Entered: 12/08/2022) |
| 12/20/2022 | 100 | Order entered on 12/20/2022 Slip opinion: 22-147. ORDERED that Plaintiffs' motion for injunction pending appeal is denied (related document(s) 89 ).(Cheevers, Casey) (Main Document 100 replaced on 12/20/2022) (Swindell, Stephen). (Entered: 12/20/2022) |
| 12/22/2022 | 101 | Notice of Appeal of Final Judgment of 11/15/22, Opinion and Order or 11/15/22, and Opinion and Order 12/20/22 filed. (related document(s) 80 , 82 , 100 ). Filed by Richard Preston Ferrin of Faegre Drinker Biddle & Reath, LLP on behalf of ASF K de Mexico S de R.L. de C.V., Amsted Rail Company, Inc., Strato, Inc., TTX Company.(Ferrin, Richard) (Entered  12/22/2022) |
| 01/10/2023 | 102 | Appeal of *Slip Opinions 22-124 & 22-147 & Judgement* docketed on 1/10/2023 by the CAFC as appeal no. 2023-1355 (related document(s) 101 ). (Goell, Geoffrey) (Entered: 01/10/2023) |

**PACER Service Center**

**Transaction Receipt**

02/17/2023 10:12:46

| **PACER Login:** | DPickard01 | **Client Code:** | 0105334-000001-NA |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-00307-GSK |

| Billable Pages | 12 | Cost | 1 20 |
|---|---|---|---|

<span style="color:red">**PUBLIC VERSION**</span>
**No. 2023-1355**

IN THE

# United States Court of Appeals

## FOR THE FEDERAL CIRCUIT

————————————

**AMSTED RAIL COMPANY, INC.,
ASF-K DE MEXICO S. DE R.L. DE C.V.,
STRATO, INC., and TTX COMPANY,**

**Plaintiffs-Appellants,**

**and**

**WABTEC CORPORATION,**

**Plaintiff,**

**v.**

**UNITED STATES INTERNATIONAL TRADE COMMISSION
and ACTING SECRETARY KATHERINE M. HINER,
in her official capacity,**

**Defendants-Appellees,**

**and**

**COALITION OF FREIGHT COUPLER PRODUCERS,**

**Defendant-Intervenor-Appellee.**

————————————

**On Appeal from the United States Court
of International Trade, Case No. 22-00307,
Judge Gary S. Katzmann**

————————————

**DEFENDANT-INTERVENOR-APPELLEE'S RESPONSE BRIEF**

————————————

Daniel B. Pickard
Amanda L. Wetzel
Claire M. Webster
BUCHANAN INGERSOLL & ROONEY PC
1700 K St. N.W., Suite 300
Washington D.C. 20006-3807
(202) 452-7900

*Counsel for Defendant-Intervenor-Appellee*
*Coalition of Freight Coupler Producers*

# CERTIFICATE OF INTEREST

Counsel for Defendant-Intervenor-Appellee the Coalition of Freight Coupler Producers certify the following:

1. The full name of every party or amicus represented by me is: the Coalition of Freight Coupler Producers.

2. The names of the real parties in interest represented by me are: the Coalition of Freight Coupler Producers is made up of two constituent members in an *ad hoc* Coalition including McConway & Torley LLC and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the real parties represented by me are: McConway & Torley LLC is a wholly owned subsidiary of Arcosa, Inc, a publicly traded company.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial or agency or are expected to appear in this court are:

Daniel B. Pickard
Amanda L. Wetzel
Claire M. Webster
Buchanan Ingersoll & Rooney PC
1700 K St. N.W., Suite 300
Washington D.C., 20006-3807
(202) 452 7900

5. The cases known to me to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal are: None.

6. Organizational victims in criminal cases and debtors and trustees in bankruptcy cases are: None.

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION..................................................1

STATEMENT OF THE ISSUES....................................................2

PRELIMINARY STATEMENT ....................................................3

STATEMENT OF THE CASE......................................................6

I.    The Predecessor And Current Investigations Before The International
      Trade Commission............................................................6

      A.    The Predecessor Investigation .................................6

      B.    The Current Investigation ........................................9

II.   The Appellants' Litigation Tactic Of Pursuing An Attorney
      Disqualification Claim Before The Commission Was Rejected By The
      Agency ..........................................................................10

III.  The Appellants Also Pursued Their Attorney Disqualification And [
      ] At The CIT ................................................................11

IV.   The CIT Dismissed The Appellants' Amended Complaint For Lack
      Of Subject Matter Jurisdiction.........................................12

      A.    The CIT Held That Interlocutory Review of Attorney
            Disqualification Decisions Is Not Warranted ...........13

      B.    The CIT Explained That The *Makita* Decision Is Not
            Binding And Distinguished It From This Case .........14

      C.    The CIT Explained That The Legislative History Of 28
            U.S.C. § 1581(i) Counsels Against Interlocutory Appeal
            Of Procedural Determinations In Administrative
            Investigations ................................................16

      D.    The CIT Also Denied Appellants' Writ Of Mandamus
            Claim ...........................................................16

V.      The Appellants' Motion For Injunction Pending Appeal Before The CIT And Eventual Appeal Of The Dismissal Of The Amended Complaint ................................................................................17

SUMMARY OF ARGUMENT ..............................................................18

ARGUMENT ...........................................................................................26

VI.     Standard Of Review...................................................................26

VII.    The CIT Does Not Have Subject Matter Jurisdiction Over Appellants' Attorney Disqualification Claims Under 28 U.S.C. § 1581(i) ......................28

        A.      The Legislative History Associated With 28 U.S.C. § 1581(i) And 19 U.S.C. § 1516a Indicates That The CIT Does Not Have Subject Matter Jurisdiction under § 1581(i)...................................................................................28

        B.      The CIT Correctly Applied U.S. Supreme Court Precedent When It Held That The CIT Does Not Have Subject Matter Jurisdiction Under § 1581(i) ............................33

        C.      The CIT Correctly Applied A Persuasive Federal Circuit Case That Counsels Against Interlocutory Appeal Of Agency Decisions On Attorney Disqualification ....................34

        D.      Jurisdiction Under 28 U.S.C. § 1581(c) Is Not Manifestly Inadequate And Therefore CIT Jurisdiction Over Appellants' Attorney Disqualification Claim Cannot Be Established Under 28 U.S.C. § 1581(i) ...................................35

                1.      28 U.S.C. § 1581(i) Provides for Residual Jurisdictional Of The CIT That Can Only Be Invoked When The Remedy Provided Under § 1581(c) Is Manifestly Inadequate ...................................35

                2.      Appellants Did Not Establish Irreparable Harm And Therefore Jurisdiction Under 28 U.S.C. § 1581(c) Would Not Be Manifestly Inadequate .............38

a. Appellants Did Not Make Allegations In Their Initial Complaint And Amended Complaint That Indicate Irreparable Harm ..........38

b. The Factual Allegations That Plaintiffs Seek To Add To The Record On Appeal Also Do Not Establish Irreparable Harm ...........................40

c. *Makita Corp. v. United States* Does Not Provide Support For Appellants' Position ...........41

d. The Substantial Relationship Jurisdictional Test That Appellants Propose Does Not Exist .......................................................................43

    i. First, There Must Be A Conflict With A Former Client, Which Is Not The Case Here ..................................................44

    ii. There Must Be A Live Conflict And, In This Case, The Conflict Was [           ] And By Joint Representation............................................44

    iii. There Is No Substantial Relationship Between The Current Investigation And The Predecessor Investigation ..........47

e. Appellants' Assertion That It Is Not Legally Possible To Receive A Remedy For Their Attorney Disqualification Claims Under 28 U.S.C. § 1581(c) Is False .....................................49

E. Appellants' Arguments Are Further Undermined By The Fact That The Commission May Yet Make A Decision In Their Favor ..........................................................51

F. The CIT's Decision Denying Appellants' Writ Of Mandamus Claim Should Be Affirmed ....................51

VIII. The CIT Did Not Abuse Its Discretion When It Dismissed The Appellants' Verified Amended Complaint Without Leave To Amend ........56

CONCLUSION ......................................................................59

The U.S. Court of International Trade in case no. 22-00307 issued an order on October 17, 2022 indicating that certain identifying information should be treated as confidential, and the order appears as docket entry 24.   (Appx2006-2007). Subsequently, the U.S. Court of International Trade issued a protective order (docket entry 53) that indicates that the obligations and protections imposed by the protective order shall continue beyond the conclusion of the case, including any appellate proceedings, or until the Court orders otherwise.   (Appx.i-v).   Confidential information in Defendant-Intervenor-Appellee's response brief has been bracketed in the confidential version and redacted in the public version.  Public disclosure of this information could cause competitive harm.   The material bracketed in the confidential version and redacted in the public version on pages 1 and 7 includes personal identifying information covered by the October 17, 2022 order, and the material on pages 4, 7, 8, 10, 11, 23, 24, 41, 44-47, and 54 relates to the confidential nature of the allegations made by Appellants.

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alps South, LLC v. The Ohio Willow Wood Co.*,
   787 F.3d 1379 (Fed. Cir. 2015) ........................................................58

*In re Am. Airlines, Inc.*,
   972 F.2d 605 (5th Cir. 1992) ............................................................55

*Apollo v. Shinseki*,
   No. 2012-7090, 2013 U.S. App. Lexis 319 (Fed. Cir. Jan. 03,
   2013) ............................................................................................18, 28

*ARP Materials, Inc. v. United States*,
   520 F. Supp. 3d 1341 (Ct. Int'l Trade 2021) .............................26, 27

*Athey v. United States*,
   2021 WL 4282593 (Fed. Cir. Sept. 21, 2021) ..................................27

*Bayer CropScience AG v. Dow Agrosciences LLC*,
   851 F.3d 1302 (Fed. Cir. 2017) ..........................................28, 52, 56

*In re Bushkin Assocs., Inc.*,
   864 F.2d 241 (1st Cir. 1989)..............................................................55

*Caesar v. United States*,
   258 F. Supp. 2d 1 (D.D.C. 2003).......................................................27

*Cheney v. U.S. Dist. Ct. for D.C.*,
   542 U.S. 367 (2004)...................................................................52, 54

*Firestone Tire & Rubber Co. v. Risjord*,
   449 U.S. 368 (1981)..............................................................*passim*

*Fisons Corp. v. Atochem N. Am., Inc.*,
   1990 WL 180551 (S.D.N.Y. 1990).....................................................24

*In re Ford Motor Co.*,
   751 F.2d 274 (8th Cir. 1984) .............................................................55

v

*Fujitsu Gen. Am., Inc. v. United States*,
  283 F.3d 1364 (Fed. Cir. 2002) ....................................................28, 36

*GEO Specialty Chemical, Inc. v. Husisian*,
  951 F. Supp. 2d 32 (D.D.C. 2013)...........................................22, 24, 48

*Hartford Fire Ins. Co. v. United States*,
  544 F.3d 1289 (Fed. Cir. 2008) ........................................................31

*Hitachi Home Elecs. (Am.), Inc. v. United States*,
  704 F.Supp.2d 1315 (2010), *aff'd*, 661 F.3d 1343 (Fed. Cir. 2011)..................32

*Indus. Chems., Inc. v. United States*,
  941 F.3d 1368 (Fed. Cir. 2019) ..................................................18, 26

*JCM, Ltd. v. United States*,
  210 F.3d 1357 (Fed. Cir. 2000) .............................................18, 26, 31

*Juancheng Kangtai Chem. Co. v. United States*,
  932 F.3d 1321 (Fed. Cir. 2019) ..................................................28, 36

*Kelly v. FBI*,
  67 F. Supp. 3d 240 (D.D.C. 2014)..................................................27

*Koyo Seiko Co. v. United States*,
  715 F. Supp. 1097 (Ct. Int'l Trade 1989) ...........................................30

*M S Int'l, Inc. v. United States*,
  425 F. Supp. 3d 1332 (Ct. Int'l Trade 2020) ......................................30

*Makita Corp. v. United States*,
  819 F. Supp. 1099 (Ct. Int'l Trade 1993) ....................................*passim*

*In re Mechem*,
  880 F.2d 872 (6th Cir. 1989) ...........................................................54

*Miller & Co v. the United States*,
  824 F.2d 961 (Fed. Cir. 1987) .........................................12, 14, 20, 35

*Neville v. Lipnic*,
  778 F. App'x 280 (5th Cir. 2019) .............................................18, 28, 51

vi

*Newman-Green, Inc. v. Alfonzo-Larrain*,
  490 U.S. 826 (1989).................................................................58

*Nippon Steel Corp. v. United States*,
  219 F.3d 1348 (Fed. Cir. 2000) .............................................35

*Norman G. Jensen, Inc. v. United States*,
  687 F.3d 1325 (Fed. Cir. 2012) .............................................32

*Richardson-Merrell, Inc. v. Koller*,
  472 U.S. 424 (1985).........................................................19, 33

*S. Shrimp All. v. United States*,
  617 F. Supp. 2d 1334 (Ct. Int'l Trade 2009) ........................53

*Matter of Sandahl*,
  980 F.2d 1118 (7th Cir. 1992) ...............................................54

*Shakeproof Indus. Prod. Div. of Illinois Tool Works Inc. v. United States*,
  104 F.3d 1309 (Fed. Cir. 1997) .......................................*passim*

*In re Stone*,
  940 F.3d 1332 (D.C. Cir. 2019)..............................................52

*Sunpreme Inc. v. United States*,
  892 F.3d 1186 (Fed. Cir. 2018) .............................................36

*Tianjin Magnesium Int'l Co., Ltd. v. United States*,
  533 F. Supp. 2d 1327 (Ct. Int'l Trade 2008) ........................30

*Unified Sewerage Agency v. Jelco, Inc.*,
  646 F.2d 1339 (9th Cir. 1981) ...............................................24

*Wanxiang Am. Corp. v. United States*,
  12 F.4th 1369 (Fed. Cir. 2021) .............................................36

*Watkins v. Trans Union, LLC*,
  869 F.3d 514 (7th Cir. 2017) .................................................47

*Zhouquin Zhu v. Immigration & Naturalization Servs.*,
  300 F. Supp. 2d 77 (D.D.C. 2004).........................................26

**Statutes**

28 U.S.C. § 1291 ....................................................................13, 14, 33

19 U.S.C. § 1516a ......................................................................*passim*

19 U.S.C. § 1517 ..............................................................................50

28 U.S.C. § 1581 ........................................................................*passim*

28 U.S.C. § 1653 ........................................................................26, 58

28 U.S.C. § 2643 ....................................................................12, 18, 52

Administrative Procedure Act....................................................4, 30, 50

Tariff Act of 1930 § 515 ..................................................................31

Tariff Act of 1930 § 516A ....................................................16, 29, 36, 37

**Other Authorities**

19 C.F.R. § 201.15 ................................................................10, 53, 54

USCIT Rule of Procedure 12(b)(1)........................................................27

USCIT Rule of Procedure 12(b)(6)........................................................26

USCIT Rule of Procedure 15(a) ......................................................3, 56

H.R. Rep. No. 96-1235 (1980)............................................................19

H.R. Rep. No. 98-725 (1984)........................................................19, 29

D.C. Bar Ethics Opinion 309 ..........................................................23, 46

D.C. Bar Ethics Opinion 317 ....................................................23, 24, 54

Restatement (Third) of the Law Governing Lawyers, § 75........................24, 41, 54

## STATEMENT OF RELATED CASES

In compliance with Fed. Cir. R. 47.5, no other appeal in or from the same civil action or proceeding in the lower court was previously before this or any other appellate court.

# STATEMENT OF JURISDICTION

All parties agree that this Court has appellate jurisdiction under 28 U.S.C. § 1295(a)(5) because this is an appeal of a final decision of the CIT dismissing the Appellants' complaint for lack of subject matter jurisdiction in CIT Case No. 22-00307.

The Coalition of Freight Coupler Producers ("Defendant-Intervenor-Appellee" or the "Coalition") submits, contrary to Appellants' assertions, that the CIT did not have subject matter jurisdiction over the case below, *Amsted Rail Company Inc. v. United States International Trade Commission*, CIT Case No. 22-00307.  Indeed, the U.S. Court of International Trade ("CIT") held that it did not have jurisdiction under 28 U.S.C. § 1581(i) over Appellants' premature interlocutory appeal of the International Trade Commission's ("ITC or Commission") decision not to disqualify the Coalition's Counsel, [                    ] and his law firm [                                        ] from acting for the Coalition in the Current Investigations (Nos. 701-TA-682 and 731-TA-1592-1593) that are pending before the Commission.  Defendant-Intervenor-Appellee asks the U.S. Court of Appeals for the Federal Circuit to affirm the CIT's jurisdictional determination that Appellants have not met their burden of proof that jurisdiction under § 1581(c) would be manifestly inadequate.

1

## STATEMENT OF THE ISSUES

Defendant-Intervenor-Appellee submits that the Appellants' statement of the issues was incomplete and was not appropriately framed for this Court's consideration and offers the following alternative statement.

1. Whether the CIT has subject matter jurisdiction under 28 U.S.C. § 1581(i) over an interlocutory appeal of the procedural decision of the Commission not to disqualify an attorney practicing before the Commission when the CIT's exercise of jurisdiction would not be manifestly inadequate under 28 U.S.C. § 1581(c) if an appeal were taken from a final determination of the Commission in an antidumping investigation?

2. Whether the CIT erred in dismissing the Appellants' Amended Complaint where the Court noted that the verified complaint's factual allegations were insufficient to establish subject matter jurisdiction under 28 U.S.C. § 1581(i) and dismissed the case through applying the rule that interlocutory appeals of decisions denying attorney disqualification are barred by both binding Supreme Court authority and a persuasive decision of the U.S. Court of Appeals for the Federal Circuit?

3. Whether the CIT erred in dismissing the Appellants' request for a writ of mandamus when the Court held that one of the three required elements of mandamus relief was not established because the Appellants could obtain relief on their attorney

disqualification claim through an appeal of the Commission's final determination under 28 U.S.C. § 1581(c)?

4. Whether the CIT abused its discretion when it dismissed Appellants' Amended Complaint when Appellants had already amended their complaint once as of right and did not seek leave to amend their complaint under CIT Rule of Procedure 15(a)(2)?

## PRELIMINARY STATEMENT

This case provides this Court with the opportunity to affirm a correctly decided opinion of the CIT that dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1581(i) an interlocutory appeal from a procedural determination of the Commission on an attorney disqualification request that was made by the Appellants during the course of an antidumping and countervailing duty investigation.

The Appellants claim that the Attorney had a conflict of interest because, in a Predecessor Investigation, *Freight Rail Coupler Systems and Components from China* (Inv. Nos. 701-TA-670 and 731-TA-1570) the Attorney represented a Coalition consisting of McConway & Torley LLC and Amsted Rail Company, Inc. ("ARC") until ARC withdrew from the Coalition and ended its attorney-client relationship with the Attorney shortly after the filing of the petitions in the investigation. The Predecessor Investigation ended with a negative determination.

3

When new petitions were filed in the distinct investigation of *Certain Freight Rail Couplers and Parts Thereof from the People's Republic of China and Mexico* (Inv. Nos. 701-TA-682 and 731-TA-1592-1593) on September 28, 2022, ARC claimed that the Attorney was acting with a conflict of interest because the Attorney once represented a Coalition in which ARC was a member in the Predecessor Investigation.  ARC is wrong on this count and there is no conflict of interest for several reasons, principal among them is that the adverse party in the Current Investigation is not ARC but is ASF-K de Mexico, S. de R.L. de C.V. (ASF-K). There cannot be a conflict of interest between the Attorney and ASF-K because ASF-K was never a client of the Attorney.  In addition, ARC signed a [

] to the effect that

it [

].  (Appx1406).

ARC nevertheless requested that the Commission disqualify the Attorney and his Law Firm from acting in the Current Investigations and, at the same time, pursued relief before the CIT, attempting to establish jurisdiction over several Administrative Procedure Act Claims against the Commission, including for arbitrary and capricious refusal to disqualify the Attorney and Law Firm, using the residual provision of 28 U.S.C. § 1581(i) as the basis of jurisdiction.  However, the 28 U.S.C. § 1581(i) residual jurisdictional provision is only available when another

4

basis of jurisdiction, such as jurisdiction over appeals of final determinations of the Commission, is manifestly inadequate. The CIT correctly determined that the Appellants did not plead facts sufficient to establish that they would experience irreparable harm and manifest inadequacy of jurisdiction under 28 U.S.C. § 1581(c) if they waited to appeal a final determination. Indeed, the Appellants asserted broad claims that the Current Investigations would be tainted by the Attorney's alleged conflict. Appellants' attempt to introduce additional jurisdictional facts on appeal does not alter this analysis because the additional facts alleged in pages 23 through 26 of Appellants' principal brief are also insufficient to establish irreparable harm. As a result, this Court should affirm the CIT's holding that an appeal of the Commission's final determination and all associated procedural decisions would not be manifestly inadequate if taken under 28 U.S.C. § 1581(c) following a final determination.

Equally importantly, this Court should affirm the CIT decision as to a lack of subject matter jurisdiction as it is consistent with Supreme Court precedent and persuasive *dicta* of the U.S. Court of Appeals for the Federal Circuit that denial of attorney disqualification determinations may not be subject to interlocutory appeal.

In addition, Appellants attempted to establish the CIT's jurisdiction over a writ of mandamus claim. This Court reviews the CIT's denial of a claim of writ of mandamus under the abuse of discretion standard. A writ of mandamus is an

extraordinary remedy and is rarely granted on attorney disqualification determinations. The CIT did not abuse its discretion in holding that the first of three required elements to establish a writ of mandamus was not demonstrated because Appellants would have an adequate avenue to pursue their attorney disqualification claim under 28 U.S.C. § 1581(c).

Finally, the CIT did not abuse its discretion by not providing Appellants leave to amend their complaint a second time. The Appellants amended their complaint once as a matter of course and did not include adequate facts to allege that jurisdiction was manifestly inadequate under 28 U.S.C. § 1581(c). Appellants did not request leave to amend their complaint a second time. It was reasonable for the CIT to dismiss the Appellants' Amended Complaint without *sua sponte* granting leave to amend.

## STATEMENT OF THE CASE

Defendant-Intervenor-Appellee offers a statement of the case to more fully provide context and address omissions and some inaccuracies in the Appellants' retelling of the procedural history.

## I.    The Predecessor And Current Investigations Before The International Trade Commission

### A.    The Predecessor Investigation

On September 28, 2021, the Coalition of Freight Coupler Producers ("Coalition") filed petitions with the U.S. Department of Commerce ("Commerce")

6

and the Commission alleging dumping and subsidization of *Freight Rail Coupler Systems and Components from China* (Inv. Nos. 701-TA-670 and 731-TA-1570), commencing the Predecessor Investigations.  (Appx6).

[                                ] ("the Attorney") represented the Coalition, an *ad hoc* trade association that was created for the purpose of filing trade remedy investigations on behalf of the industry making freight rail couplers in the United States.  The joint representation of the Coalition members was originally composed of Amsted Rail Company, Inc. (ARC) and McConway & Torley LLC.  Notably, [

].  (Appx1501).   Indeed, the engagement letter explicitly stated three items of importance that are not fully set out by the Appellants in their statement of the case, including [

];

(2) that should the client [

]; and (3) as required by the Attorney and, as specifically negotiated with Amsted's internal counsel, that as a condition of

7

accepting ARC as a client [




]. (Appx1403-1406).

ARC withdrew from the Coalition within days of the filing of the petitions. On October 6, 2021, the Coalition informed the Commission that ARC had withdrawn and would be replaced by the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"). (Appx64; Appx1408; Appx1439). On October 14, 2022, ARC's current counsel, Faegre Drinker Biddle & Reath LLP entered an appearance at the Commission on ARC's behalf. (Appx65; Appx1276; Appx1442). Following ARC's departure from the Coalition, the Attorney and his former law firm continued representing the Coalition before the Commission and the Attorney continues to do so to the present day.

The Attorney changed firms and joined [

] (the "Law Firm") before the final determination in the Predecessor Investigation. (Appx66). On March 1, 2022, the Attorney entered an appearance on behalf of the Coalition from his new law firm. (Appx66; Appx1417;

Appx1450).    The Predecessor Investigation proceeded to a final negative

determination by the Commission, which was announced on June 14, 2022. (Appx7;

Appx1419).

### B.    The Current Investigation

On September 28, 2022, the Coalition, comprised of McConway & Torley

LLC and USW, filed the petitions underlying the investigations on *Certain Freight*

*Rail Couplers and Parts Thereof from the People's Republic of China and Mexico*

(investigation nos. 701-TA-682 and 731-TA-1592-1593).    (Appx7; Appx1356).

Appellants' characterization of the prior investigation as a reprise of the current

investigation is incorrect because the prior investigation included a broader scope

than the current investigation, a different period of investigation, different parties,

and only covered merchandise imported from China rather than merchandise from

China and Mexico.  The Commission made an affirmative preliminary determination

of a reasonable indication of material injury on November 10, 2022 and, on

November 14, 2022, notified Commerce.  (Appx2047).

The Commission has not issued a final phase schedule.  In addition, no final

determination has been reached by the Commission that could be subject to appeal

under 28 U.S.C. § 1581(c).  Should the Commission eventually reach an affirmative

determination in the investigations, the Appellants may decide to appeal that

determination to the CIT under 28 U.S.C. § 1581(c) and could include the Commission's attorney disqualification decision as an issue on appeal.

## II.    The Appellants' Litigation Tactic Of Pursuing An Attorney Disqualification Claim Before The Commission Was Rejected By The Agency

ARC and ASF-K have been pursuing a litigation tactic to achieve disqualification of the Attorney and the Law Firm before the Commission in order to disrupt the investigations and to weaken the position of the U.S. industry.

Between October 11 and October 14, 2022, the Appellants separately filed letters with the Commission seeking disqualification of the Attorney and the Law Firm from the Current Investigations and [



].  (Appx10; Appx1382; Appx1429).  The first versions of the ARC and ASF-K, Strato, and TTX letters were filed on October 12, 2022 and were not deemed properly filed by the Commission.  (Appx1566-1567).  The Appellants re-filed their requests for disqualification in letters to the Commission of October 14, 2022.  (Appx1566-1567; Appx1382; Appx2019).

The Appellants' request for disqualification also contained vague allegations that the Court considered in dismissing the Amended Complaint, including an allegation that there was a "serious risk that the Current Investigations are tainted." (Appx1383).  On October 21, 2022 the [

].

(Appx55).  The Commission also determined that there was insufficient evidence to

warrant institution of an [

]. (Appx11).

The additional facts that the Appellants seek to introduce into the record on

appeal, which are indicated in pages 23 through 26 of their principal brief, are not

part of the administrative record that was before the Commission and did not appear

in Appellants' initial complaint or Amended Complaint in the case below.

(Appx1382-1395; Appx1546-1561; Appx58-62, ¶¶ 94-96).   These new allegations

that Defendant-Intervenor-Appellee asserted in CIT case no. 22-00316 and that

Appellants seek to introduce on appeal would not, even if considered on appeal,

establish manifest inadequacy.  *See* section VII(D)(2)(b) below.

## III.    The Appellants Also Pursued Their Attorney Disqualification And [                    ] At The CIT

At the same time that the Plaintiffs in the case below, which included ARC,

ASF-K, Strato, Wabtec and TTX, pursued their litigation tactic by writing demand

letters for the disqualification of the Attorney and Law Firm and for the [

] they also

pursued relief before the CIT, filing their verified complaint and application for a

temporary restraining order (TRO) on October 14, 2022.  The Plaintiffs filed an

11

Amended Complaint on October 24, 2022 and a second motion for a preliminary injunction. (Appx11). The Commission filed its first motion to dismiss on October 24, 2022 and, on November 7, 2022, the Commission filed a second motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Appx12). Plaintiffs filed a response to the initial motion to dismiss on November 2, 2022. (Appx12). The Court then held a hearing on the motion for a preliminary injunction on November 9, 2022. (Appx12).

## IV.  The CIT Dismissed The Appellants' Amended Complaint For Lack Of Subject Matter Jurisdiction

On November 15, 2022, the CIT dismissed the Appellants' Amended Complaint holding that the Court did not have jurisdiction under 28 U.S.C. § 1581(i) because the Appellants did not establish that the Court's exercise of jurisdiction pursuant to 28 U.S.C. § 1581(c) would be manifestly inadequate. (Appx32). The CIT also held that the Appellants did not establish the required conditions for it to grant a writ of mandamus under 28 U.S.C. § 2643(c)(1). (Appx31).

The CIT's decision that jurisdiction under 28 U.S.C. § 1581(c) was not manifestly inadequate involved four key considerations, which the Appellants do not fully explain in their statement of the case. First, the Court recalled the holding of *Miller & Co v. the United States*, 824 F.2d 961, 963 (Fed. Cir. 1987), which indicates that "{s}ection 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy

12

provided under that other subsection would be manifestly inadequate." (Appx17-18).  Second, the CIT applied Supreme Court precedent and persuasive Federal Circuit case law indicating that attorney disqualification decisions are not appropriate for interlocutory appeal.  (Appx18-20; Appx28-29) (*see Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981) and *Shakeproof Indus. Prod. Div. of Illinois Tool Works Inc. v. United States*, 104 F.3d 1309, 1313 (Fed. Cir. 1997)).  Third, the CIT distinguished and declined to follow the non-binding CIT decision in *Makita Corp. v. United States*, 819 F. Supp. 1099 (Ct. Int'l Trade 1993). (Appx25-27).  Finally, in a portion of the CIT opinion that the Appellants do not discuss in their statement of the case, the CIT indicated that the legislative history weighs against using § 1581(i) jurisdiction to interfere with the exercise of agency power through piecemeal litigation, which includes interlocutory appeal of attorney disqualification decisions.  (Appx29).

## A.  The CIT Held That Interlocutory Review of Attorney Disqualification Decisions Is Not Warranted

The CIT's analysis through which it determined that jurisdiction under § 1581(c) was not manifestly inadequate considered that, under Supreme Court precedent and persuasive Federal Circuit *dicta*, interlocutory appeal of decisions denying attorney disqualification is not allowed under either 28 U.S.C. § 1291 or under 28 U.S.C. § 1581(i).  (Appx18-20; 28-29).  The CIT relied on *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377-379 (1981), in which the Supreme Court

13

stated that "{a}n order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not" and held "that a district court's order denying a motion to disqualify counsel is not appealable under § 1291 prior to final judgment in the underlying litigation."   In addition, the CIT relied on the persuasive *dicta* of *Shakeproof Indus. Prod. Div. of Illinois Tool Works Inc. v. United States*, in which the Federal Circuit indicated the following:

> We have serious doubts that judicial review of the disqualification issue would be manifestly inadequate if it were postponed until Commerce's final decision on the first review of the antidumping order.  For that reason, we believe there is substantial force to the government's suggestion that Shakeproof's request for judicial review in this case was premature. 104 F.3d 1309, 1313 (Fed. Cir. 1997).

Contrary to the Appellants' description of the CIT's opinion, the CIT afforded both the *Firestone* and the *Shakeproof* decisions great weight and declined to extend the same importance to *Makita*, the case relied on by Appellants.  (Appx30).  The CIT held that a finding of jurisdiction would add an avenue of interlocutory review that runs counter to *Miller & Co., Shakeproof, NEC Corp.*, the relevant CIT case law, and the legislative history of § 1581(i).   (Appx30).

### B.    The CIT Explained That The *Makita* Decision Is Not Binding And Distinguished It From This Case

Appellants are correct that the CIT did address the *Makita* decision, but they are wrong to insinuate that the Court validated the Appellants' interpretation of

*Makita* in any way. The CIT recalled the facts of the *Makita* case in which an attorney had, when working as a paralegal, "a significant and substantial involvement in a Section 337 case Makita had brought before the ITC in 1988-1989." (Appx25). The relevance of the attorney's involvement had been evaluated through affidavits and live testimony, and the involvement included access to pricing comparisons and access to many documents that contained confidential information about Makita's competition, distribution practices, operations and sales figures. (Appx25-26). The CIT considered that "{c}omparatively, the facts that Plaintiffs offer in the instant case – looking only to the pleaded complaint and filings, as no additional affidavits or testimony is available – fall far short of establishing 'sufficient uncertainty' of attorney misconduct that necessitates relief under § 1581(i)." (Appx27). The CIT continued " . . . Plaintiffs' allegations of attorney misconduct in this case . . . are too threadbare to meet the more specific showing that manifest inadequacy under § 1581(i)." (Appx27). Given the fact that *Makita* is non-binding on both the CIT and the Court here, and that it is clearly distinguishable, it is not surprising that the CIT evaluated the Appellants' reading of *Makita* as overbroad and favored the application of *Firestone* and *Shakeproof* in holding that the CIT did not have subject matter jurisdiction under 28 U.S.C. § 1581(i) to hear Appellants' interlocutory appeal of a denial of an attorney disqualification request. (Appx30). This Court should do the same.

### C.    The CIT Explained That The Legislative History Of 28 U.S.C. § 1581(i) Counsels Against Interlocutory Appeal Of Procedural Determinations In Administrative Investigations

With specific respect to the appealability of administrative decisions made during a Commission investigation, the CIT recalled that the legislative history indicates that Congress "intend{ed} that any determination specified in section 516A of the Tariff Act of 1930, or any preliminary administrative action which, in the course of the proceeding, will be, directly or by implication, incorporated in or superseded by any such determination, is reviewable exclusively as provided by section 516A." (Appx29) (citing H.R. Rep. No. 96-1235, at 48 (1980)). Notably, 19 U.S.C. § 1516a provides for the typical review of Commission determinations after they are final and does not provide for interlocutory review. The CIT also emphasized that the legislative history counsels against using "§ 1581(i) jurisdiction to interfere with the exercise of agency power" and piecemeal review of international trade proceedings. (citing H.R. Rep. No. 98-725, at 47 (1984) and *M S Int'l, Inc. v. United States*, 425 F. Supp. 3d 1332, 1337 (Ct. Int'l Trade 2020)) (Appx29).

### D.    The CIT Also Denied Appellants' Writ Of Mandamus Claim

The CIT, noting that the "remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances," held that Plaintiffs had not established the first of three required conditions for a writ of mandamus because "they could adequately obtain relief through a potential suit challenging the Commission's injury

16

determination under 28 U.S.C. § 1581(c)." (Appx31-32) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

## V.   The Appellants' Motion For Injunction Pending Appeal Before The CIT And Eventual Appeal Of The Dismissal Of The Amended Complaint

Following the CIT's dismissal of the Appellants' Amended Complaint, on November 18, 2022, Appellants filed a motion for injunction pending appeal in the case below. (Appx39).

On December 20, 2022, the CIT denied the Plaintiffs' request for an injunction pending appeal. (Appx37-38). In the Appellants' telling of the procedural history, they fail to highlight two key elements of the CIT's denial of their injunction pending appeal. The CIT found that the Appellants did not have a likelihood of success on the merits of their claim to establish 28 U.S.C. § 1581(i) jurisdiction, explicitly rejecting Appellants' theory that a substantial relationship between the Predecessor Investigation and the Current Investigation would satisfy their burden of establishing the CIT's jurisdiction under 28 U.S.C. § 1581(i). (Appx44). The CIT also repeated its finding that Appellants' reliance on *Makita* is misplaced, recalling that "{t}he *Makita* court did not, and never purported to, undertake a jurisdictional analysis, let alone use the 'substantial relationship' standard to somehow lessen the plaintiffs' burden of establishing § 1581(i) jurisdiction." (Appx45).

The Appellants did not file their notice of appeal until December 22, 2022, which was 37 days after the CIT dismissed their Amended Complaint. (ECF-34-1,

p. 1).   On January 13, 2022, the Appellants filed their principal brief on appeal and their emergency motion to expedite. (ECF-27-1; ECF-26).   On January 23, 2023, this Court denied the motion to expedite.  (ECF-42, p. 2).

## SUMMARY OF ARGUMENT

The CIT's holding that it did not have subject matter jurisdiction under 28 U.S.C. § 1581(i) over Appellants' interlocutory appeal of the Commission's denial of their attorney disqualification claim, and the CIT's denial of Appellants' claim for a writ of mandamus under 28 U.S.C. § 2643(c)(1) should be affirmed.

The U.S. Court of Appeals for the Federal Circuit undertakes a *de novo* review of the CIT's dismissal of Appellants' claims for lack of subject matter jurisdiction but may accord deference to the CIT's informed analysis as a starting point.  *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000); *Indus. Chems., Inc. v. United States*, 941 F.3d 1368, 1371 (Fed. Cir. 2019).  The CIT's decision denying Appellants' writ of mandamus claim, on the other hand, is reviewed for abuse of discretion.  *Apollo v. Shinseki*, No. 2012-7090, 2013 U.S. App. Lexis 319, *2 (Fed. Cir. Jan. 03, 2013); *Neville v. Lipnic*, 778 F. App'x 280, 284 (5th Cir. 2019).

The CIT recognized that the legislative history supports a finding that jurisdiction under 28 U.S.C. § 1581(i) is not intended to encompass interlocutory appeals of attorney disqualification decisions of the Commission, which are subsidiary determinations made in the course of an antidumping investigation.

(Appx29). *See:* H.R. Rep. No. 96-1235 at 48 (1980) (legislative history of 28 U.S.C. § 1581(i)); *see also* H.R. Rep. 98-725, at 47 (1984).   This determination should be affirmed.

Supreme Court precedent confirms that decisions denying attorney disqualification should not be subject to interlocutory appeal, and the rationale for such a holding is equally applicable to a district court or an agency's decision.  This Court should accordingly follow this established precedent.  (Appx18-19; Appx27-28).  Specifically, in *Firestone Tire & Rubber Co. v. Risjord*, the Supreme Court held that review of decisions denying attorney disqualification "plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not."  449 U.S. 368, 377 (1981).  *See also*: *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440-41 (1985). Similarly, in *Shakeproof Indus. Prod. Div. of Illinois Tool Works Inc. v. United States*, the Federal Circuit indicated in persuasive *dicta* that it had serious doubts that an agency's decision on an attorney disqualification claim could be subject to interlocutory appeal under 28 U.S.C. § 1581(i) before a final determination.  104 F.3d 1309, 1310 (Fed. Cir. 1997) (Appx18-19).

In order to establish jurisdiction over an interlocutory appeal of a Commission decision prior to a final determination under 28 U.S.C. § 1581(i), the party seeking to establish such jurisdiction (here the Appellants) bears the burden of proof and

must prove that jurisdiction under 28 U.S.C. § 1581(c) would be manifestly inadequate. *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). By requiring Appellants to satisfy that burden, the CIT did not create an unworkable jurisdictional standard; instead, it simply applied the law. The Appellants, in their attorney disqualification demand letter to the Commission and, in their initial and amended verified complaints before the CIT in case no. 22-00307, made bald and very general assertions of unspecific harm that they might face if the Commission's investigation were allowed to be "tainted" by their alleged conflict of interest concerns. (Appx1382-1395).

*Makita Corp. v. United States*, the non-binding case that Appellants relied heavily on in their briefing before the CIT and now again on appeal, is distinguishable on its facts and did not involve an analysis of whether 28 U.S.C. § 1581(c) jurisdiction was manifestly inadequate because jurisdiction was presumed under 28 U.S.C. § 1581(i). 819 F. Supp. 1099 (Ct. Int'l Trade 1993). The CIT held, in its opinion of November 15, 2022, that *Makita* involved evidence and specific allegations of irreparable harm as a result of an attorney conflict while the facts alleged by the Appellants in their Amended Complaint did not "meet the more specific showing that manifest inadequacy under § 1581(i)." (Appx26-27).

Similar to the facts at issue in *Firestone*, Appellants, in their Amended Complaint in the case below and now on appeal, have failed "to supply a single

20

concrete example of the indelible stamp or taint of which it warns." *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981). The CIT thus differentiated between the substance of an attorney disqualification claim in *Makita* where jurisdiction was presumed and the "more specific showing" that is required in this case to determine whether jurisdiction under 28 U.S.C. § 1581(c) would be manifestly inadequate. (Appx27). Indeed, while *Makita* required a showing of specific irreparable harm, Appellants here have made generalized allegations similar to those that were rejected in *Firestone*. *Id.* at 376. As the Supreme Court made clear, the applicable standard is that the ruling must be considered "effectively unreviewable" absent immediate appeal where "denial of immediate review would render impossible any review whatsoever." *Id.* (citing *United States v. Ryan*, 402 U.S. 530, 533 (1971)). Here, as in *Firestone*, Appellants have "made no showing that its opportunity for meaningful review will perish unless immediate appeal is permitted." *Id.* at 377-378. To the extent that the rationale of *Makita* is inconsistent with *Firestone* and, taking into account concerns regarding unjustified waste of scarce judicial resources, Supreme Court precedent must control.

In addition, in an attempt to establish the manifest inadequacy of 28 U.S.C. § 1581(c), the Appellants incorrectly argue that, if two investigations are substantially related, and an attorney acts in a second investigation against a former

client[1], then irreparable harm is established such that jurisdiction must vest in 28 U.S.C. § 1581(i).  (ECF-31, Appellants' Principal Brief, p. 45-46).  There is no such judicially recognized "substantially related" jurisdictional test.  Even assuming, *arguendo*, that there were such a test, the Predecessor Investigation and the Current Investigation are not substantially related. *See GEO Specialty Chemical, Inc. v. Husisian*, 951 F. Supp. 2d 32, 43 (D.D.C. 2013).  Furthermore, still assuming *arguendo* that the Appellants' substantial relationship theory was valid, even if the Predecessor Investigation and the Current Investigation were substantially related, that would not, in and of itself, require a finding of the existence of a former client, a conflict of interest, or irreparable harm.

The incorrectness of Appellants' newly created "substantially related" test, which is held out for the purpose of proving irreparable harm, is demonstrated by the fact that it assumes findings on the merits that are false.  For example, Appellants appear to allege that demonstrating "substantially related" matters confirms the presence of a conflict.  However, in the current matter, there is not even a conflict with a former client.  The Attorney represented ARC and not ASF-K in the Predecessor Investigation and, in the Current Investigation, it is ASF-K, the Mexican

---

[1] Defendant-Intervenor-Appellee does not concede that the Attorney is acting against a former client in the Current Investigation because the Attorney never represented ASF-K.

producer, that is the adverse party.  (Appx1501; Appx1403).  As ASF-K was never

a former client, by definition there can be no former client conflict with the company.

In addition, the Appellants' jurisdictional test fails to account for the fact that

the engagement agreement contained an   [



].  (Appx1406).  With respect to the [

], such [          ] are presumptively valid.  (Appx2023-2032, D.C.

Bar Ethics Opinion 309).

As another example, Appellants' theory that just proving "substantially

related" matters is conclusive proof of irreparable harm fails to account for well

established ethics principles connected with the fact that the Attorney and the

Coalition relied in good faith on [                              ]. D.C. Bar Ethics

Opinion 317 indicates that, if a client's [

] has been relied upon by another client or the lawyer, the client's

subsequent change of heart [                    ] will not restore those involved

to the *status quo ante*.  (Appx1535, D.C. Bar Ethics Opinion 317).    Accordingly,

[                                                        ] the

lawyer ordinarily should continue representing the other client. (Appx1535, D.C.

Bar Ethics Opinion 317).   In support of its position, D.C. Bar Ethics Opinion 317

cited a leading decision of the Ninth Circuit, which expressly states that revocation

of consent does not preclude continuing representation of the other client where the

law firm and other client [                                                    ].  *See Unified Sewerage*

*Agency v. Jelco, Inc.*, 646 F.2d 1339, 1346 n.6 (9th Cir. 1981); *accord Fisons Corp.*

*v. Atochem N. Am., Inc.*, 1990 WL 180551, *6 n.6 (S.D.N.Y. 1990).

As just one more example of the flaw in Appellants' apparent theory of a

rebuttable presumption of irreparable harm is the fact that it does not account for the

nature of the joint representation at issue.  Because ARC and McConway & Torley

LLC accepted to participate in a joint representation, confidentiality was waived as

between these co-clients and, consequently, no conflict can arise as a result of the

use by one Coalition member of such information.  (Appx2045-2046, Restatement

(Third) of the Law Governing Lawyers, § 75).

Perhaps most fatal to their theory of "substantially related" jurisdictional

analysis, and as more fully explained in section VII(D)(2)(d)(iii), is the fact that

existing precedent confirms that the Current Investigation and the Predecessor

Investigation are not actually substantially related.  *See GEO Specialty Chemical,*

*Inc. v. Husisian*, 951 F. Supp. 2d 32, 43 (D.D.C. 2013).

Furthermore, Appellants' argument that they could not obtain a remedy under

28 U.S.C. § 1581(c) if they did appeal an affirmative final determination of the

Commission (including a challenge to the Commission's attorney disqualification decision), is also false – the CIT has all the necessary powers in law and equity to fashion a remedy for Appellants in that scenario.

The CIT, in dismissing Appellants' writ of mandamus claim, did not abuse its discretion.  There are three required elements to establish a right to relief under a writ of mandamus, and the CIT correctly held that the first element, that Appellants could not receive adequate relief through another avenue of recourse, was not established because of the availability of CIT jurisdiction under 28 U.S.C. § 1581(c).

The CIT did not abuse its discretion when it did not on its own motion provide Appellants with another opportunity to amend the complaint; Appellants could have sought timely leave to make a second amendment to their complaint, especially after they reviewed the Commission's second motion to dismiss but did not do so.  And it is unreasonable to require the CIT to grant, *sua sponte*, leave to amend before dismissing on jurisdictional grounds.

Finally, this Court should also deny Appellants' attempt to plead new jurisdictional facts that are outlined in pages 23 through 26 of their principal brief on appeal.  The new facts alleged by the Appellants were never asserted by Appellants before the Commission or the CIT, even though the Appellants had knowledge of the alleged facts.  In addition, these new facts do not modify incorrectly alleged jurisdictional facts – rather, they inflate and expound the facts

25

previously alleged, which is not permitted by 28 U.S.C. § 1653.  Consequently, this

Court should not allow these new facts to be introduced into the record on appeal.

## ARGUMENT

## VI.    Standard Of Review

Defendant-Intervenor-Appellee provides additional authority on the

applicable standard of review.  All parties agree that this Court reviews the grant or

denial of a motion to dismiss for lack of jurisdiction on a *de novo* standard of review.

*JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000).

Appellants did not recall that the Federal Circuit, when applying a *de novo*

standard of review of legal issues decided by the CIT, often assigns great weight to

the CIT's holding, using the CIT's holding as a starting point.  *Indus. Chems., Inc.*

*v. United States*, 941 F.3d 1368, 1371 (Fed. Cir. 2019) ("We review the CIT's

jurisdictional determinations de novo.  . . . we give great weight to the informed

opinion of the CIT and it is nearly always the starting point of our analysis.").

A motion to dismiss for lack of subject matter jurisdiction is reviewed under

a virtually identical standard of review that is used to evaluate USCIT Rule 12(b)(6)

motions.  *See ARP Materials, Inc. v. United States*, 520 F. Supp. 3d 1341, 1354-55

(Ct. Int'l Trade 2021); *Zhouquin Zhu v. Immigration & Naturalization Servs.*, 300

F. Supp. 2d 77, 79 (D.D.C. 2004); *Caesar v. United States*, 258 F. Supp. 2d 1, 2

(D.D.C. 2003).  However, the Court may consider material outside the pleadings for

purposes of resolving jurisdictional issues. *ARP Materials, Inc.,* 520 F. Supp. 3d at 1354-55 (motions to dismiss under USCIT Rule 12(b)(1) may attack the pleading or the factual basis for the Court's jurisdiction; in factual challenges, "the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion," and the court may consider evidence outside the pleadings). *See also Caesar*, 258 F. Supp. 2d at 2; *Kelly v. FBI*, 67 F. Supp. 3d 240, 255 (D.D.C. 2014). As long as the Court considers matters outside the pleadings solely with respect to the issues raised pursuant to Rule 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Caesar*, 258 F. Supp. 2d at 2. In the case below, contrary to Appellants' assertions, the Appellees challenge not only the sufficiency of the pleadings but also the factual basis of the pleadings such that the allegations in the Appellants' complaint should not be viewed as controlling.

The Appellants indicated that this Court should review the CIT's decision to dismiss a complaint without leave to amend on an abuse of discretion standard of review. (ECF-31, Appellants' Principal Brief, 59). The Federal Circuit's application of the abuse of discretion standard of review is highly deferential. *See Athey v. United States*, 2021 WL 4282593, at *5 (Fed. Cir. Sept. 21, 2021) ("{w}e decline Plaintiff's request to reweigh the trial court's determination based on its view of the entire record, a determination that is reviewed with a significant amount of

deference under the abuse of discretion standard."); *Bayer CropScience AG v. Dow Agrosciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) ("stating 'deference {to the trial court} . . . is the hallmark of abuse-of-discretion review.'") (internal citations omitted).

This Court also reviews a district court's denial of a writ of mandamus under the abuse of discretion standard of review. *Apollo v. Shinseki*, No. 2012-7090, 2013 U.S. App. Lexis 319, *2 (Fed. Cir. Jan. 03, 2013); *Neville v. Lipnic*, 778 F. App'x 280, 284 (5th Cir. 2019).

## VII. The CIT Does Not Have Subject Matter Jurisdiction Over Appellants' Attorney Disqualification Claims Under 28 U.S.C. § 1581(i)

### A. The Legislative History Associated With 28 U.S.C. § 1581(i) And 19 U.S.C. § 1516a Indicates That The CIT Does Not Have Subject Matter Jurisdiction under § 1581(i)

Appellants attempted to establish jurisdiction under 28 U.S.C. § 1581(i). The CIT's residual jurisdiction under 28 U.S.C. § 1581(i) may not be invoked unless 28 U.S.C. § 1581(c) jurisdiction is manifestly inadequate. *Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1371 (Fed. Cir. 2002); *Juancheng Kangtai Chem. Co. v. United States*, 932 F.3d 1321, 1327 (Fed. Cir. 2019).

Congress did not contemplate 28 U.S.C. § 1581(i) to be used to establish the CIT's jurisdiction over appeals of attorney disqualification claims, which constitute procedural matters that may arise during the Commission's antidumping and countervailing duty investigations and can be considered by the CIT in conjunction

28

with the Commission's final determination under 28 U.S.C. § 1581(c).  Specifically, the legislative history makes clear that 19 U.S.C. § 1516a "{e}liminates all interlocutory judicial reviews by the U.S. Court of International Trade during the course of countervailing duty and antidumping investigations.  All challenges to agency determinations would be combined and reviewable by the court after final agency action."  H.R. Rep. No. 98-725, p. 9 (1984).

The CIT, in its November 15, 2022, opinion, noted that Congress "intend{ed} that any determination specified in section 516A of the Tariff Act of 1930, or any preliminary administrative action which, in the course of the proceeding, will be, directly or by implication, incorporated in or superseded by any such determination, is reviewable exclusively as provided in Section 516A."  (Appx29) (citing H.R. Rep. No. 96-1235, at 48 (1980)).  The CIT also indicated that the legislative history states that "{t}he purpose of eliminating interlocutory judicial review is to eliminate costly and time-consuming legal action where the issue can be resolved just as equitably at the conclusion of administrative proceedings.").  (Appx29) (citing H.R. Rep. No. 98-725, at 47 (1984)).

The CIT and the Federal Circuit have assigned importance to the legislative history and the clear Congressional intent to avoid piecemeal litigation that would result from allowing appeals under the residual jurisdictional provision of subsidiary procedural matters prior to a final determination of the Commission or Commerce.

In *Koyo Seiko Co. v. United States*, 715 F. Supp. 1097, 1100 (Ct. Int'l Trade 1989),

the CIT acknowledged that:

> While Congress contemplated that there would be some civil actions relating to an antidumping duty proceeding which could be heard pursuant to 28 U.S.C. § 1581(i), it intended that this section should not be used to permit the appeal of a procedural determination, but rather, that all procedural considerations should be decided by this court when the final agency determination is made.

*See also M S Int'l, Inc. v. United States*, 425 F. Supp. 3d 1332, 1336 (Ct. Int'l Trade

2020) (indicating that "{t}he legislative history to 1581(i), the case law, and the

Administrative Procedure Act <u>all</u> discourage piecemeal review of Commerce

Department international trade proceedings.  They are problematic for any plaintiff

who is challenging preliminary administrative actions . . . that will be incorporated

in or superseded by the final determination."); *Tianjin Magnesium Int'l Co., Ltd. v.

United States*, 533 F. Supp. 2d 1327, 1343 (Ct. Int'l Trade 2008) (finding that

jurisdiction under § 1581(i) was improper because it would be inappropriate for the

court to interfere with ongoing administrative proceedings until Commerce issued a

final determination and recalling that the legislative history to 28 U.S.C. § 1581(i)

indicates that "any *preliminary administrative action*, which, in the course of {a}

proceeding, will be, directly or by implication, *incorporated in or superseded by any

such {final agency} determination* is reviewable exclusively as provided in 19

U.S.C. § 1516a.").  The Federal Circuit has also indicated that "{t}o allow a party to

elect to proceed under section 1581(i), without having first availed himself of the

30

remedy provided by section 1581(c), would undermine the integrity of the clear path Congress intended a claimant to follow." *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000).

Appellants' arguments to the contrary are based on their overly broad interpretation of what type of matters are considered under 28 U.S.C. § 1581(i). (ECF-31, Appellants' Principal Brief, p. 42). As this Court is well aware, 28 U.S.C. § 1581(i) is a limited residual jurisdiction provision to hear "civil actions against the United States concerning importation revenues, tariffs and duties, embargoes," under subparagraphs (A) through (C) of 28 U.S.C. § 1581(i), and "administration and enforcement of matters involving section 515 of the Tariff Act" related to the collection of customs duties as enumerated in subsections (a)-(h) of 28 U.S.C. § 1581. *See Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1291 (Fed. Cir. 2008). Appellants cite no support for their assertion that a decision denying attorney disqualification by the Commission is related to "administration and enforcement" under 28 U.S.C. § 1581(i)(1)(D) rather than being a procedural matter that must be appealed as a subsidiary finding of a Commission final determination pursuant to 28 U.S.C. § 1581(c).

The legislative history discussed herein and relevant case law from the Supreme Court and the Federal Circuit support the position that the Commission's procedural decisions on attorney disqualification claims made during the pendency

of an antidumping and countervailing duty investigation fall into the category of interlocutory procedural decisions that are not reviewable until final agency action by the Commission, at which time they are reviewable together with the final determination of the Commission. *See infra* section VII(B)-(C). *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981) and *Shakeproof Indus. Prod. Div. of Illinois Tool Works Inc. v. United States*, 104 F.3d 1309, 1313 (Fed. Cir. 1997).

Indeed, if a plaintiff can avail itself of 28 U.S.C. § 1581(c) in the future, the Court will not allow a party to invoke 28 U.S.C. § 1581(i) to prematurely resolve its dispute. *See Hitachi Home Elecs. (Am.), Inc. v. United States*, 704 F.Supp.2d 1315, 1320-21 (2010), *aff'd*, 661 F.3d 1343 (Fed. Cir. 2011) (indicating that jurisdiction under 28 U.S.C. § 1581(i) should not be used to prematurely resolve an import dispute when jurisdiction would later be available under 28 U.S.C. § 1581(a)); *Norman G. Jensen, Inc. v. United States*, 687 F.3d 1325, 1330 (Fed. Cir. 2012).

Consistent with the statute and Congressional intent, jurisdiction will be available under 28 U.S.C. § 1581(c) upon completion of the Commission's investigation and its final determination and, accordingly, jurisdiction under § 1581(i) is not available in this matter.

**B.    The CIT Correctly Applied U.S. Supreme Court Precedent When It Held That The CIT Does Not Have Subject Matter Jurisdiction Under § 1581(i)**

In this case, the Federal Circuit should follow *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981) and hold, like the CIT did in the case below, that the Commission's decision on Plaintiffs' attorney disqualification claims were not subject to interlocutory appeal under 28 U.S.C. § 1581(i). (Appx27-28).

In the CIT's November 15, 2022 opinion, the CIT applied the U.S. Supreme Court's ruling in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981) when it decided that the Appellants could not bring an interlocutory appeal of the Commission's decision denying attorney disqualification.    (Appx27-29).    In *Firestone*, the Supreme Court held that review of attorney disqualification decisions of U.S. district courts "plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not."  449 U.S. 368, 377 (1981).  *Firestone* was followed by and affirmed by the Supreme Court in *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440-41 (1985).

The *Firestone* case applied 28 U.S.C. § 1291, which is a different jurisdictional statute than 28 U.S.C. § 1581(c) that authorizes appeals from the Commission's final determinations, however the rational that supports the rule against interlocutory appeals of attorney disqualification decisions under both

33

statutes is the same.  The core reasoning in *Firestone* applies in this case: waiting until after final judgment to appeal an attorney disqualification decision is likely to assist in review because it would allow the Court to evaluate the impact of the disqualification motion "on the underlying litigation."  *Firestone*, 449 U.S. at 377. In addition, the rule against interlocutory appeals also serves the important purpose of promoting efficient judicial administration. *Id.* at 374 (citing *Eisen v. Carlisle & Jacquelin*, 417 U. S. 156, 170 (1974)).

**C.    The CIT Correctly Applied A Persuasive Federal Circuit Case That Counsels Against Interlocutory Appeal Of Agency Decisions On Attorney Disqualification**

This case is not a case of first impression in the Federal Circuit on the issue of whether attorney disqualification decisions of an agency can be subject to interlocutory appeal under 28 U.S.C. § 1581(i) jurisdiction.  The CIT, in the case below, not only followed *Firestone* but also followed persuasive *dicta* from the Federal Circuit in *Shakeproof Indus. Prod. Div. of Illinois Tool Works Inc. v. United States*, 104 F.3d 1309, 1310 (Fed. Cir. 1997), which is factually similar to this case and indicates that an agency's decision on an attorney disqualification claim may not be subject to interlocutory appeal under 28 U.S.C. § 1581(i) before a final determination.  (Appx18-19).

*Shakeproof* counsels against interlocutory appeals of attorney disqualification claims under 28 U.S.C. § 1581(i). With regard to the availability of jurisdiction to

challenge an attorney disqualification decision of an agency under 28 U.S.C.

§ 1581(i), the Federal Circuit indicated:

> We have serious doubts that judicial review of the disqualification issue
> would be manifestly inadequate if it were postponed until Commerce's
> final decision on the first review of the antidumping order. For that
> reason, we believe there is substantial force to the government's
> suggestion that Shakeproof's request for judicial review in this case was
> premature. *Shakeproof*, 104 F.3d at 1313.

The Federal Circuit's *dicta* in *Shakeproof* is fully consistent with *Firestone*. The

CIT has all the necessary power in law and equity to provide a remedy, if

appropriate, under 28 U.S.C. § 1581(c) following the Commission's final

determination.

### D. Jurisdiction Under 28 U.S.C. § 1581(c) Is Not Manifestly Inadequate And Therefore CIT Jurisdiction Over Appellants' Attorney Disqualification Claim Cannot Be Established Under 28 U.S.C. § 1581(i)

#### 1. 28 U.S.C. § 1581(i) Provides for Residual Jurisdictional Of The CIT That Can Only Be Invoked When The Remedy Provided Under § 1581(c) Is Manifestly Inadequate

The CIT's subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i) is a

residual jurisdictional provision that "may not be invoked when jurisdiction under

another subsection of § 1581 is or could have been available, unless the remedy

provided under that other subsection would be manifestly inadequate." *Miller & Co.*

*v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987); *Nippon Steel Corp. v. United*

*States*, 219 F.3d 1348, 1351 (Fed. Cir. 2000) (stating that jurisdiction under 28

U.S.C. § 1581(i) may only be invoked when review would never be available under the other subsections of 28 U.S.C. § 1581); *Juancheng Kangtai Chem. Co. v. United States*, 932 F.3d 1321, 1327 (Fed. Cir. 2019); *Am., Inc. v. United States*, 283 F.3d 1364, 1371 (Fed. Cir. 2002).  Indeed, the statute makes clear that 28 U.S.C. § 1581(i) "shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable by . . . the Court of International Trade under section 516A(a) of the Tariff Act of 1930 (19 U.S.C. 1516a(a))."  28 U.S.C. § 1581(i)(2).

Two considerations when assessing jurisdiction under 28 U.S.C. § 1581(i) are (1) whether jurisdiction under a subsection other than § 1581 is, or will, be available; and (2) if so, whether the remedy provided under that subsection is "manifestly inadequate." *Wanxiang Am. Corp. v. United States*, 12 F.4th 1369, 1373 (Fed. Cir. 2021).  If a remedy is an "exercise in futility" or "incapable of producing any result," it is considered manifestly inadequate. *Juancheng Kangtai Chem. Co.*, 932 F.3d at 1327.

Appellants, as the party invoking this Court's jurisdiction, have "the burden of establishing that jurisdiction," and bear the burden under 28 U.S.C. § 1581(i)(1) to show that remedies under other subsections of § 1581 are manifestly inadequate. *Wanxiang Am. Corp. v. United States*, 12 F.4th 1369, 1373 (Fed. Cir. 2021); *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018).

Appellants appear to anchor their jurisdiction claim in 28 U.S.C. § 1581(i)(1)(D) which confers residual jurisdiction over "administration and enforcement" with respect to "revenue from imports or tonnage," "tariffs, duties, fees or other taxes on the importation of merchandise for reasons other than the protection of the public health or safety," "embargos or other quantitative restrictions on the importation of merchandise for reasons other than the protection of health and safety" and subsections (a)-(h) of 28 U.S.C. § 1581. Appellants appear to be suggesting that their claim is connected with the administration and enforcement of a final Commission determination. However, jurisdiction over a Commission determination, including subsidiary findings, fall squarely under 28 U.S.C. § 1581(c), which precludes jurisdiction under § 1581(i). Indeed, and as indicated above, 28 U.S.C. § 1581(i)(2), makes clear that 28 U.S.C. § 1581(i) "shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable by . . . the Court of International Trade under section 516A(a) of the Tariff Act of 1930 (19 U.S.C. 1516a(a))." Accordingly, Appellants' attempt to characterize their claim as an administration or enforcement issue connected with a final Commission determination must fail.

### 2. Appellants Did Not Establish Irreparable Harm And Therefore Jurisdiction Under 28 U.S.C. § 1581(c) Would Not Be Manifestly Inadequate

Appellants have failed to establish that they would experience irreparable harm by waiting to appeal the Commission's final determination under 28 U.S.C. § 1581(c). The factual allegations that Appellants made in their Amended Complaint are vague and, even if the new factual allegations that are set out in pages 23 through 26 of Appellants' principal brief are considered, Appellants still do not meet their burden to establish irreparable harm such that jurisdiction under 28 U.S.C. § 1581(c) would be manifestly inadequate.

### a. Appellants Did Not Make Allegations In Their Initial Complaint And Amended Complaint That Indicate Irreparable Harm

Appellants did not adequately allege irreparable harm such that jurisdiction under 28 U.S.C. § 1581(c) would be manifestly inadequate. The CIT observed that the type of harm alleged by Appellants was "exactly the kind of harm that the *Firestone* Court found insufficient to warrant interlocutory review" of an attorney disqualification decision. (Appx28). The CIT determined that "Plaintiffs' allegations of attorney misconduct in this case . . . are too threadbare to meet the more specific showing that manifest inadequacy under § 1581(i)." (Appx27). This Court should affirm the CIT's holding.

The factual allegations in Appellants' Amended Complaint are no more than bald assertions that the Attorney had information about the Appellants' unspecified legal strategy for prosecuting an FRC-related investigation against China or otherwise received non-specific confidential information regarding ARC. (Appx65). In addition, Appellants allege that the Attorney could use the confidences that he retains to "shape its prosecution of the Current Investigations, including guiding what lines of attack to pursue and what lines to abandon." (Appx77). Finally, Appellants allege that "ASF-K, Strato, Wabtec, and TTX share in this immediate irreparable harm to the extent the Firm's exploitation of ARC's confidential information can also be used against ASF-K, Strato, Wabetc, and TTX in the current investigations." (Appx77). Appellants' allegations mirror those in *Firestone* – they fail to "supply a single concrete example of the indelible stamp or taint of which it warns" but rather only allege some general concern regarding shaping arguments as suggested in Firestone.[2] *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981). The Supreme Court made clear however that the law requires "much more before a ruling may be considered 'effectively unreviewable' absent immediate appeal." *Id.* at 376.

---

[2] An allegation of specific irreparable harm made by the importers of Chinese products (e.g., Strato and Wabtec) arising from information about the Mexican producer is essentially absent.

While Appellants assert that some form of unfair advantage could ensue, their claims are non-specific, and they utterly fail to allege why the CIT could not fashion a remedy under 28 U.S.C. § 1581(c) following a final determination by the Commission. Relief, if warranted, will be "available" at the conclusion of the investigation and so 28 U.S.C. § 1581(c) is not manifestly inadequate.

### b.     The Factual Allegations That Plaintiffs Seek To Add To The Record On Appeal Also Do Not Establish Irreparable Harm

Appellants attempt to bring into the jurisdictional analysis the additional factual allegations that are indicated in pages 23 through 26 of the Appellants' principal brief. Defendant-Intervenor-Appellee contests the use of facts that were not part of the record below in this case. However, if the additional facts are considered, they would not establish that Appellants would suffer irreparable harm by waiting to appeal a final determination of the Commission under 28 U.S.C. § 1581(c).

Defendant-Intervenor-Appellee submits that the additional facts alleged were not presented to the Commission or to the CIT and therefore should not be considered by this Court. Notably, even these additional allegations are analogous to those rejected as insufficient in *Firestone*. While there are general representations of the type of information that was alleged to have been provided, they are utterly

lacking in a "concrete example" of actual harm that will result.[3]  As noted above, the

allegations certainly do not rise to level of being "effectively unreviewable" absent

immediate appeal.  *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376

(1981).  Accordingly, none of the new facts pled by Plaintiffs meet their burden to

establish irreparable harm such that this Court's exercise of jurisdiction under 28

U.S.C. § 1581(c) would be manifestly inadequate.

### c.    *Makita Corp. v. United States* Does Not Provide Support For Appellants' Position

Plaintiffs desperately attempt to rely on *Makita Corp. v. United States*, 819 F.

Supp. 1099, 1100 (Ct. Int'l Trade 1993) for support of their argument that

jurisdiction is proper under 28 U.S.C. § 1581(i).  As an initial matter, *Makita* is

---

[3]  Defendant-Intervenor-Appellee further notes that the new allegations are (1) anchored in the scope definition and other information that are clearly in the public domain (e.g. publicly available information regarding manufacturing processes of the OEM market); (2) are irrelevant to the statutory injury factors at issue in the investigation; (3) the adverse interests at stake here are those of ASF-K, the Mexican producer, whom all parties appear to agree was never a client of the Attorney or the Law Firm;  and (4) there was an operable [

] covering the specified information; and (5) importantly, the nature of the joint representation in the form of an *ad hoc* trade association impacted the duty of confidentiality.  Indeed, it is well established that, pursuant to a joint representation, in a subsequent proceeding in which former co-clients are adverse, one of them may not invoke the attorney-client privilege against the other with respect to communications involving either of them during the co-client relationship. Rules governing the co-client privilege are premised on an assumption that co-clients usually understand that all information is to be disclosed to all of them. Courts sometimes refer to this as a presumed intent that there should be no confidentiality between co-clients.  *See e.g.*, (Appx2045-2046, Restatement (Third) of the Law Governing Lawyers, § 75).

obviously not binding on the CIT or this Court.  In addition, in *Makita*, the question of whether jurisdiction under 28 U.S.C. § 1581(i) was legally proper was not decided.  *Id.* at 1103.  Accordingly, this isolated CIT decision, which appears to be inconsistent with Supreme Court precedent, cannot save Appellants' attempt to inappropriately shoehorn their case into an interlocutory appeal.

As the CIT indicated in its extensive analysis of *Makita*, the allegations made by the plaintiffs in that case are clearly distinguishable from this case.  (Appx26).  The CIT indicated that it was "abundantly clear that the attorney was aware of specific categories of information relevant to Makita's defense in the antidumping investigations and that those categories of information extended far beyond what Makita would have otherwise revealed under the APO." (Appx26-27).  The CIT compared the allegations in this case against the allegations made in *Makita* and determined that Appellants' allegations of attorney misconduct in this case were too threadbare to meet the more specific showing of irreparable harm to establish manifest inadequacy of jurisdiction under § 1581(c).  (Appx27).  The CIT's distinguishing analysis of *Makita* from the facts of this case is consistent with the reasoning of the Supreme Court in *Firestone*, recognizing that litigants seeking disfavored interlocutory proceedings must provide something more than the general "possibility that the course of the proceedings may be indelibly stamped or shaped with the fruits of a breach of confidence or by acts or omissions prompted by a

divided loyalty." (Appx25-27). *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981). Indeed, *Firestone* recognized that the propriety of a denial of a disqualification motion "will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment." *Id.* at 377. This Court should affirm the CIT's holding which is fully consistent with Supreme Court precedent.

### d. The Substantial Relationship Jurisdictional Test That Appellants Propose Does Not Exist

Appellants are attempting to manufacture a jurisdictional rule according to which immediate appeal of denials of attorney disqualification decisions of the Commission under 28 U.S.C. § 1581(i) are appropriate when there is a substantial relationship between the two matters implicated in the conflict of interest analysis. (ECF-31, Appellants' Principal Brief, p. 28). Appellants stated that "showing a 'substantial relationship' between the two matters should suffice, for jurisdictional purposes, to establish a substantial risk that the lawyer has confidential information to use." (ECF-31, Appellants' Principal Brief, p. 28).

Appellants' proposed "substantial relationship" test for jurisdiction is not an analysis that has or should be used to justify residual jurisdiction under 28 U.S.C. § 1581(i). In holding that Appellants failed to establish a likelihood of success on their "substantial relationship" theory of jurisdiction, the CIT indicated, when it rejected Appellants' motion for an injunction pending appeal, that "even if the court

were to conclude that a conflicted representation of two substantially related matters existed, Plaintiffs fail to identify any authority showing that such a finding is by itself sufficient to satisfy the burden of establishing jurisdiction under § 1581(i)." (Appx44).

### i.    First, There Must Be A Conflict With A Former Client, Which Is Not The Case Here

For a substantial relationship argument to be at all relevant to a conflict of interest analysis there must first be a conflict of interest with a former client. Appellants' novel theory that showing a 'substantial relationship' between two matters alone is sufficient to establish jurisdiction would require the Court to presume that there is a conflict with a former client.   All parties appear to agree that ASF-K, the Mexican producer at issue, was *never* a former client of the attorney. (Appx1403; Appx1501).   The fact that Appellants' newly created jurisdictional theory would require the Court to accept unproven and fundamental findings regarding conflicts of interests with a former client demonstrates the flaws in this approach.

### ii.    There Must Be A Live Conflict And, In This Case, The Conflict Was [                    ] And By Joint Representation

As a further demonstration of the inherent failings of Appellants' "substantial relationship" test as a sufficient basis for jurisdiction in and of itself, this theory presumes not just a former client but also the existence of an actionable [

] conflict.  Such a presumption is clearly not warranted in the face of the

[                                                                    ] in the current matter.

In *In re Shared Memory Graphics*, the Federal Circuit vacated an erroneous

disqualification order and, in doing so, considered a fact pattern that is [

] where, during a period of cooperation, the parties to a joint defense

agreement shared information and had put in place an advance cooperation waiver

stating "nothing in this Agreement . . . shall be used as a basis to seek to disqualify

the respective counsel of such party in any future litigation."  659 F.3d 1336, 1338-

39 (Fed. Cir. 2011).  Following the initial cooperative representation, one attorney

who was in-house counsel for one of the parties to the joint defense agreement joined

a law firm as partner and later became adverse to one of the other members of the

joint defense agreement.  *Id.* at 1339.  The district court granted the complaining

party's motion to disqualify the accused counsel's entire law firm, reasoning that

there was a presumption of access to confidential information in a matter that

"involved similar technology and similar legal issues."  *Id*.  The Federal Circuit

reversed on a finding of clear error, recognizing the operation of the advance waiver

such that an attorney "who subsequently left one of the parties or its counsel to join

another company or law firm" and then was engaged in a related matter could not

be disqualified.  *Id.* at 1340-1341.

Defendant-Intervenor-Appellee reminds the Court that Appellants [                                                      ]. (*See supra* at section I(A)). The *In re Shared Memory Graphic* case is an instance in which the Federal Circuit rejected the same arguments that the Appellants are making in attempting to circumvent the [                                                      ]. As the preamble to the American Bar Association's Model Rules indicate, the ethical rules that govern attorney conduct are rules of reason such that the Attorney's [                                    ] should be interpreted consistently with its purpose. (Appx2040, Preamble to ABA Model Rules of Professional Conduct).

The incorrectness of Appellants' newly created "substantially related" test, which is held out for the purpose of proving irreparable harm, is demonstrated by the fact that it assumes facts that are not correct. Appellants' jurisdictional test fails to account for the fact that the engagement agreement contained an  [



                                                      ]. (Appx1406).  With respect to the [                                    ], such [                    ] are presumptively valid. (Appx2023, D.C. Bar Ethics Opinion 309).  In other words, Appellants' theory that just proving "substantially related" matters is conclusive proof of irreparable harm

46

sufficient to establish jurisdiction is not only legally unsupported but it fails to account for well-established ethics principles, including that the Attorney and the Coalition relied in good faith on [

].

### iii.    There Is No Substantial Relationship Between The Current Investigation And The Predecessor Investigation

Even if the Court did apply the newly created "substantial relationship" jurisdictional test, Appellants would still fail to establish jurisdiction under 28 U.S.C. § 1581(i).  The Predecessor Investigation and the Current Investigation are not substantially related pursuant to the leading case on this issue.

That two investigations involve the same statutory scheme and similar facts does not demonstrate that the cases involved are substantially related.  *Watkins v. Trans Union, LLC*, 869 F.3d 514, 517-518, 525 (7th Cir. 2017).  Similarly, here, the Predecessor Investigations and the Current Investigations are different cases. Indeed, the difference between the two investigations was the genesis of Appellants' complaint before the CIT. While both investigations involve the dumping and subsidization of freight rail couplers, the prior investigation included a broader scope than the current investigation, a different period of investigation, different parties, and only covered merchandise imported from China.

Importantly, *GEO Specialty Chemical, Inc. v. Husisian* specifically addresses the issue of whether two antidumping proceedings are substantially related. 951 F. Supp. 2d 32, 43 (D.D.C. 2013). In *GEO Specialty Chemical, Inc. v. Husisian*, the U.S. District Court for the District of Columbia found that two antidumping related proceedings involving the same product from the same country and arising from the same investigation were not substantially related:

> "{E}ach Commerce Department review or proceeding . . . is its own 'administrative proceeding, . . . claim, {or} investigation' and therefore qualifies as its own 'matter.' . . . It would be contrary to this definition, not to mention common sense, for this Court to lump together every glycine review that has occurred in the past eighteen years and that occurs indefinitely into the future simply because they deal with the same general matter under the same administrative I.D. number." *Id.*

It is worth noting that *GEO Specialty Chemical* dealt with two matters connected to the very same antidumping investigation. The Predecessor Investigation and the Current Investigation are different cases, with different records, different countries, different scopes, and different parties and are not substantially related. Thus, even if this Court were to give any weight to Appellants' assertion that a substantial relationship is important in the irreparable harm analysis, the leading case on the matter supports a finding that the two different investigations qualify as different "matters" and therefore are not substantially related.

### e.    Appellants' Assertion That It Is Not Legally Possible To Receive A Remedy For Their Attorney Disqualification Claims Under 28 U.S.C. § 1581(c) Is False

Appellants boldly assert that consideration of their attorney disqualification claim under 28 U.S.C. § 1581(c) following a final determination by the Commission cannot afford them a remedy because such a claim would allegedly not be allowed in an appeal of "{f}inal administrative determinations" within the ambit of 19 U.S.C. § 1516a(a)(2)(B)(i) and 28 U.S.C. § 1581(c). (ECF-31, Appellants' Principal Brief, p. 40; Appx41). As previously discussed, in relation to the *Firestone* and *Shakeproof* cases, attorney disqualification decisions of district courts and of agencies are considered procedural matters that are reviewed on appeal of a final decision of a district court and the final determination of an agency. See *supra* at section VII(B)-(C). As a result, Appellants' attorney disqualification claim could be appropriately reviewed under 28 U.S.C. § 1581(c) jurisdiction following a final determination by the Commission.

As for Appellants' arguments that the standard of review under 28 U.S.C. § 1581(c), which is whether Commission's final determination was "unsupported by substantial evidence on the record or otherwise not in accordance with the law" is unworkable as applied to attorney disqualification decisions, the CIT, in its November 15, 2022 opinion, recalled that Appellants "may easily reframe the . . . arbitrary and capricious refusal to disqualify . . . as components of challenges to final

determinations 'unsupported by substantial evidence on the record, or otherwise not in accordance with the law.'"[4] (Appx19). The CIT continued to state that "{n}either party disputes that '{u}nder 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, the procedural correctness" of any determination listed under 19 U.S.C. §§ 1516a and 1517, 'as well as the merits, are subject to judicial review.'" (Appx19).

Contrary to Appellants' submissions, the CIT has all the powers of a District Court in law and equity to fashion a remedy, if it is required under the law. Nor have Appellants provided much in regard to an explanation as to why the CIT could not provide a remedy for an arbitrary and capricious decision by the agency (if so proven).

In sum, the CIT has full authority to remand the matter to ensure that no harm to the investigative process occurred. Indeed, consistent with *Firestone*, the propriety of the denial of a disqualification motion will often be difficult to assess until its impact on the underlying investigation may be evaluated, which is normally only after final judgment. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981).

---

[4] The Attorney disqualification claim in the Appellants' Amended Complaint was based on a violation of the Administrative Procedure Act for arbitrary and capricious decision making. It is well established that the CIT may review final decisions of the Commission pursuant to the arbitrary and capricious standard. (Appx74).

**E.    Appellants' Arguments Are Further Undermined By The Fact That The Commission May Yet Make A Decision In Their Favor**

The underlying issue that Appellants wish the CIT to address is not yet ripe. Appellants wrongly assume that the Commission has made a final determination on the attorney disqualification issue that can be appealed.   However, when the Commission denied ARC's attorney disqualification claim, it indicated that there was no good cause "at this time" to disqualify the Attorney and the Law Firm. (Appx54-55).   Since the disqualification issue may be decided by the Commission in the final phase of its investigation, this appeal is premised on an incorrect presumption that the Commission will not make a later in time decision.

Just as importantly, the Appellants' case is based on an assumption that there is going to be an affirmative Commission determination such that they would have a reason to appeal a final determination of the Commission under 28 U.S.C. § 1581(c).   However, the final determination of the Commission, be it affirmative or negative, is currently unknown and the Appellants' appeal is thus premature.

**F.    The CIT's Decision Denying Appellants' Writ Of Mandamus Claim Should Be Affirmed**

The CIT's decision not to grant Appellants' requested mandamus relief is reviewed by this Court for abuse of discretion, which is a highly deferential standard of review.   *See Neville v. Lipnic*, 778 F. App'x 280, 284 (5th Cir. 2019). "{D}eference to the trial court . . . is the hallmark of abuse-of-discretion review."

*Bayer CropScience AG v. Dow Agrosciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017). The CIT properly denied Appellants' request for mandamus, and the CIT's decision in this respect should be affirmed because the CIT did not abuse its discretion.

Although the CIT may order mandamus relief under 28 U.S.C. § 2643(c)(1) to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff, the CIT correctly noted in its analysis of the issue that the "remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." (Appx31). In order for a writ of mandamus to issue, three conditions must be satisfied, which are as follows: "first, the party seeking issuance of the writ {must} have no other adequate means to attain the relief he desires — a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that {the} right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004) (internal citations omitted); *see also In re Stone*, 940 F.3d 1332, 1338 (D.C. Cir. 2019).

The CIT did not abuse its discretion when it held that the first requirement for the issuance of a writ of mandamus was not satisfied because "Plaintiffs may

adequately obtain relief through a potential suit challenging the Commission's injury determination under 28 U.S.C. § 1581(c)." (Appx32). The CIT's evaluation of the availability of relief on the attorney disqualification issue under 28 U.S.C. § 1581(c) and of the fact that such relief would not be manifestly inadequate is discussed at length in section VII(D) above and was not an abuse of discretion.

Even if the CIT had moved past the first prong of the mandamus analysis, mandamus relief would not have been appropriate. With regard to the second prong, Appellants do not have a clear and indisputable right to relief. In order to prevail on a writ of mandamus, the Appellants must identify a clear, nondiscretionary duty that the agency owed them under the applicable law and demonstrate that the agency breached this duty. *S. Shrimp All. v. United States*, 617 F. Supp. 2d 1334, 1361 (Ct. Int'l Trade 2009). Under the Commission's regulations, decisions regarding attorney disqualification are discretionary.[5] As a result, the CIT could not have determined that the Appellants had a clear, non-discretionary right to relief, such that the agency breached an explicit duty.

---

[5] 19 C.F.R. § 201.15(a) expressly states that "{a}ny attorney or agent practicing before the Commission . . . *may* for good cause shown be suspended or barred from practicing before the Commission, or have imposed on him such lesser sanctions *as the Commission deems appropriate*, but only after the Commission has the opportunity to present its views on the matter." (emphasis added).

Based on the facts of this case, Appellants also do not have a clear and

indisputable right to relief. ARC [


] and that there is a dispute [                          ] indicates that the

Appellants' claimed right to relief is not clear and indisputable. (Appx1406).  There

is also no actual conflict with a former client as ASF-K was never a client of the

Attorney.  Moreover, that the representation of ARC was as a co-client member of

the Coalition implies a presumed intent that there is no confidentiality between co-

clients.[6]  Established ethics opinions of the D.C. Bar make clear that a former client

is prohibited from [                          ] if it has been relied upon by the Attorney

or the other client.  (Appx1535, D.C. Bar Ethics Opinion 317).  All of these facts

prevent a finding of a clear and indisputable right to mandamus action.[7]

Third, writ of mandamus relief is not appropriate under the circumstances

because Appellants were not entitled to prevail on such an extraordinary remedy.

*See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 369 (2004) (stating that

---

[6] Restatement (Third) of the Law Governing Lawyers, § 75.  (Appx2045).  *See Declaration of Michael S. Frisch* (Appx2035, ¶ 8).

[7] A litigant seeking to set aside a decision on an attorney disqualification claim must also show that the order attacked was patently erroneous.  *See Matter of Sandahl*, 980 F.2d 1118, 1121 (7th Cir. 1992); *In re Mechem*, 880 F.2d 872, 874 (6th Cir. 1989).  The Commission's decision on Appellants' attorney disqualification request was not patently erroneous as the Commission acted within its discretion under 19 C.F.R. § 201.15 not to disqualify the Attorney and Law Firm at this time.

mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary cases").    Indeed, several U.S. Circuit Courts of Appeals have cautioned that decisions on motions to disqualify counsel will rarely justify the issuance of the writ of mandamus.  *See In re Bushkin Assocs., Inc.*, 864 F.2d 241, 243 (1st Cir. 1989) (stating that "in the great majority of instances {of attorney disqualification}, mandamus would be utterly inappropriate."); *In re Ford Motor Co*., 751 F.2d 274, 276 (8th Cir. 1984) (denying a writ of mandamus challenging a district court's decision to deny a motion to disqualify counsel); *In re Am. Airlines, Inc*., 972 F.2d 605, 608-609 (5th Cir. 1992) (granting the writ under extraordinary circumstances). In this case, the CIT properly held that Appellants have an adequate avenue to pursue their claims against the Commission using 28 U.S.C. § 1581(c) as their basis of jurisdiction after the Commission makes a final determination, and Appellants' conflict of interest claims do not approach the threshold that would warrant extraordinary mandamus relief under the circumstances.

As a result, this Court should hold that the CIT did not abuse its discretion in declining to grant the Appellants' writ of mandamus and should affirm the CIT's decision on the basis that the Appellants had an alternative avenue for relief under 28 U.S.C. § 1581(c).

## VIII. The CIT Did Not Abuse Its Discretion When It Dismissed The Appellants' Verified Amended Complaint Without Leave To Amend

Appellants have asked this Court to hold that the CIT abused its discretion when it dismissed the Amended Complaint without *sua sponte* granting leave to amend for a second time.  (ECF-31, Appellants' Principal Brief, p. 59).   As previously recalled, the abuse of discretion standard is highly deferential to the trial court.  *Bayer CropScience AG v. Dow Agrosciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017).

Under CIT Rule of Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a response is required, 21 days after service of the responsive pleading or 21 days after service of a motion.   Appellants filed their verified complaint at the CIT on October 14, 2022.  (Appx1546).   Appellants used their right to amend their complaint as a matter of course on October 24, 2022.  (Appx11; Appx 271).  Under CIT Rule of Procedure 15(a)(2), the Appellants could have amended their complaint again with the other party's written consent or the court's leave.

The Appellants did not seek consent or leave to file a second amended complaint, yet they maintain that the CIT should have given them the opportunity to do so *sua sponte*.  The CIT did not, in deciding not to offer Appellants leave to amend *sua sponte*, abuse its discretion.  The CIT properly rejected the Appellants' reliance on *Makita* and followed controlling Supreme Court precedent prohibiting

interlocutory appeal. (Appx26-30). Appellants never moved to amend their complaint for a second time, nor was there any obligation for the CIT to, on its own order, provide Appellants with an opportunity to file a third complaint to attempt to fix their lack of jurisdiction. Nor have Appellants make any meritorious claim in regard to how such a decision would amount to an abuse of discretion.

Appellants also claim that the CIT imposed an overly onerous jurisdictional standard on them that they could not have anticipated when it required them to plead irreparable harm. (ECF-31, Appellants' Principal Brief, p. 55). As an initial matter, the CIT did not impermissibly shift the burden to Appellants to prove that an appeal of the final determination of the Commission under 28 U.S.C. § 1581(c) would be manifestly inadequate because, as the CIT indicated when it rejected the Appellants' motion for injunction pending appeal, "Plaintiffs bore the burden in the first place." (Appx43). Moreover, the Supreme Court precedent in *Firestone* has been established for decades and Appellants failed to address this issue in either their original complaint or their Amended Complaint. As for Appellants' argument that they were guided by the *Makita* case in terms of the facts that they believed they needed to allege to establish irreparable harm, *Makita* is neither binding on the CIT or this Court and was a case in which the issue of whether 28 U.S.C. § 1581(c) jurisdiction was manifestly inadequate was not at issue since 28 U.S.C. § 1581(i) jurisdiction at the CIT was not contested by the defendant.

As previously explained, the Appellants present new factual allegations for the first time on appeal, purporting to offer these facts for the purpose of correcting deficient allegations set forth in their previous two complaints, as Appellants' reference to the Supreme Court's opinion in *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 831 (1989) suggests. (ECF-31, Appellants' Principal Brief, p. 23, fn. 6, 57-58).  28 U.S.C. § 1653 provides that "{d}efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  The Supreme Court has indicated that 28 U.S.C. § 1653 permits parties to amend only "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves*." Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). *See Alps South, LLC v. The Ohio Willow Wood Co*., 787 F.3d 1379, 1386 (Fed. Cir. 2015) (holding that because "{t}here were no errors in the jurisdictional facts as pleaded in the original complaint . . . Alps could not avail itself of {28 U.S.C.} § 1653 to amend the jurisdictional allegations that appeared in its original complaint.").  Here, the newly presented facts do not modify incorrectly alleged jurisdictional facts—rather, they inflate and expound the facts previously alleged and, at most, expand upon and recast the originally pled jurisdictional facts themselves.  As a result, this Court should not allow the new factual allegations made in pages 23 through 26 of the Appellants' principal brief to be considered as jurisdictional facts on appeal.  However, even if the Court accepts the additional

facts (that were never presented to the agency or the court below), consistent with the legislative history of the statute, a plain reading of the law, and Supreme Court precedent, the dismissal for lack of jurisdiction should be affirmed.

### CONCLUSION

Defendant-Intervenor-Appellee respectfully requests this Court to affirm the CIT's judgment and hold that there is not jurisdiction under the residual 28 U.S.C. § 1581(i) to hear an interlocutory appeal of the Commission's rejection of Appellants' attorney disqualification claim. It is also respectfully submitted that the CIT did not abuse its discretion when it denied Appellants' writ of mandamus claim, and that the CIT did not abuse its discretion when it dismissed the Appellants' amended verified complaint without *sua sponte* providing leave to amend.

Dated:  February 22, 2023          Respectfully submitted,

**/s/ Daniel B. Pickard**
Daniel B. Pickard
Amanda L. Wetzel
Claire M. Webster
BUCHANAN INGERSOLL & ROONEY PC
1700 K St. N.W., Suite 300
Washington D.C. 20006-3807
(202) 452-7900

*Counsel for Defendant-Intervenor-Appellee*
*Coalition of Freight Coupler Producers*

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 23-1355

**Short Case Caption:** Amsted Rail Company, Inc. v. ITC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  13,976  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 02/22/2023

Signature: /s/ Daniel B. Pickard, Esq.

Name: Daniel B. Pickard, Esq.

Save for Filing

**FORM 31. Certificate of Confidential Material**

Form 31
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF CONFIDENTIAL MATERIAL

**Case Number:**  23-1355

**Short Case Caption:**  Amsted Rail Company, Inc. v. ITC

---

**Instructions:** When computing a confidential word count, Fed. Cir. R. 25.1(d)(1)(C) applies the following exclusions:

- Only count each unique word or number once (repeated uses of the same word do not count more than once).

- For a responsive filing, do not count words marked confidential for the first time in the preceding filing.

The limitations of Fed. Cir. R. 25.1(d)(1) do not apply to appendices; attachments; exhibits; and addenda. *See* Fed. Cir. R. 25.1(d)(1)(D).

---

The foregoing document contains  65  number of unique words (including numbers) marked confidential.

☐  This number does not exceed the maximum of 15 words permitted by Fed. Cir. R. 25.1(d)(1)(A).

☐  This number does not exceed the maximum of 50 words permitted by Fed. Cir. R. 25.1(d)(1)(B) for cases under 19 U.S.C. § 1516a or 28 U.S.C. § 1491(b).

☑  This number exceeds the maximum permitted by Federal Circuit Rule 25.1(d)(1), and the filing is accompanied by a motion to waive the confidentiality requirements.

Date: 02/22/2023

Signature:  /s/ Daniel B. Pickard, Esq.

Name:  Daniel B. Pickard, Esq.

Save for Filing

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number**   23-1355

**Short Case Caption**   Amsted Rail Company, Inc. v. ITC

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system.  See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e).  Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on  02/22/2023

by  ☐  U.S. Mail     ☐  Hand Delivery     ☑ Email     ☐ Facsimile
☐  Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Richard P. Ferrin, Esq. | FAEGRE DRINKER BIDDLE & REATH LLP 1500 K Street, NW, Suite 1100 Washington, DC 20005 Email: richard.ferrin@faegredrinker.com |
| Andrew T. Schutz, Esq. | GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP 599 Lexington Avenue, 36th Floor New York, NY 10022 Email: aschutz@gdlsk.com |
| James M. Smith, Esq. | COVINGTON & BURLING LLP One City Center, 850 Tenth Street, NW Washington, DC 20001 Email  jmsmith@cov com |
| David A.J. Goldfine, Esq. | David A.J. Goldfine U.S. International Trade Commission, Office of the General Counsel 500 E Street, SW. Washington, DC 20436 Email: david.goldfine@usitc.gov |
| David M. Morrell, Esq. | David M. Morrell Jones Day 51 Louisiana Avenue, NW. Washington, DC 20001 Email: dmorrell@jonesday.com |

☐     Additional pages attached.

Date:  02/22/2023

Signature:   /s/ Daniel B. Pickard, Esq.

Name:     Daniel B. Pickard, Esq.

Save for Filing

No. 2023-1355

IN THE

# United States Court of Appeals
### FOR THE FEDERAL CIRCUIT

————————————

**AMSTED RAIL COMPANY, INC.,
ASF-K DE MEXICO S. DE R.L. DE C.V.,
STRATO, INC., and TTX COMPANY,**

Plaintiffs-Appellants,

and

**WABTEC CORPORATION,**

Plaintiff,

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION
and ACTING SECRETARY KATHERINE M. HINER,**
in her official capacity,

Defendants-Appellees,

and

**COALITION OF FREIGHT COUPLER PRODUCERS,**

Defendant-Intervenor-Appellee.

————————————

**On Appeal from the United States Court
of International Trade, Case No. 22-00307,
Judge Gary S. Katzmann**

————————————

**DEFENDANT-INTERVENOR-APPELLEE'S MOTION TO WAIVE
CONFIDENTIALITY WORD COUNT REQUIREMENT**

————————————

Daniel B. Pickard
Amanda L. Wetzel
Claire M. Webster
BUCHANAN INGERSOLL & ROONEY PC
1700 K St. N.W., Suite 300
Washington D.C. 20006-3807
(202) 452-7900

*Counsel for Defendant-Intervenor-Appellee*
*Coalition of Freight Coupler Producers*

## INTRODUCTION

Defendant-Intervenor-Appellee, Coalition of Freight Coupler Producers, pursuant to Federal Circuit Rule 25.1(d)(3), hereby moves this Court to waive the confidential word count requirement for its Response Brief. Pursuant to Federal Circuit Rule 25.1(d)(1)(A), each motion, petition, response, reply, or brief may mark as confidential up to fifteen unique words. Defendant-Intervenor-Appellee's Response brief marks as confidential 65 unique words that have not previously been afforded confidential treatment in this proceeding.

## ARGUMENT

Defendant-Intervenor-Appellee respectfully submits that good cause exists for this waiver. The relevant information contained herein refers to certain identifying information and communications, which were covered by the Protective Order in the originating case. *See* ECF No. 53.

The Joint Protective Order from the case below specifies that "Material designated as Proprietary Information shall be treated as such by the parties until the Court has determined or ordered otherwise." *Id.* This is consistent with Federal Circuit Rule 25.1(c)(1), which states that, "In general, any portion of the record that was subject to a protective order in the trial court or agency must remain subject to that order on appeal or review." Defendant-Intervenor-Appellee treats

this information as confidential in order to ensure both compliance with the Joint Protective Order and that the information does not lose its confidential status. *See* FED. CIR. R. 25.1(c)(1).

## PRAYER FOR RELIEF

Defendant-Intervenor-Appellee therefore respectfully requests that the Court order that the confidential information contained in square brackets in its Response be treated as confidential by the Court.

Dated:  February 22, 2023

Respectfully Submitted,

**/s/ Daniel B. Pickard**
Daniel B. Pickard
BUCHANAN INGERSOLL & ROONEY PC
1700 K St. N.W., Suite 300
Washington D.C. 20006-3807
(202) 452-7900
*Counsel for Defendant-Intervenor-Appellee,*
*Coalition of Freight Rail Coupler Producers*