NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., TTX CO.,**
*Plaintiffs-Appellants*

**WABTEC CORPORATION,**
*Plaintiff*

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION, ACTING SECRETARY TO THE UNITED STATES INTERNATIONAL TRADE COMMISSION KATHERINE M. HINER, in her official capacity, COALITION OF FREIGHT COUPLER PRODUCERS,**
*Defendants-Appellees*

---

2023-1355

---

Appeal from the United States Court of International Trade in No. 1:22-cv-00307-GSK, Judge Gary S. Katzmann.

---

**ON MOTION**

---

Before WALLACH, *Circuit Judge*.

# ORDER

The Coalition of Freight Coupler Producers ("the Coalition") moves to waive the redaction limits of Federal Circuit Rule 25.1(d)(1)(A), seeking to redact the names of certain law firms and attorneys and the terms of related agreements. The Coalition states that the United States International Trade Commission supports the motion and that the appellants take no position on the motion. Separately, the appellants move for leave to file a joint appendix redacting the names of those law firms and attorneys.

There is a strong presumption in favor of public access to appellate court proceedings. *See In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011). The rules of this court therefore only permit parties to "mark as confidential up to fifteen (15) unique words" in their briefs, Fed. Cir. R. 25.1(d)(1)(A), and any request to deviate from the rule must "establish why the additional markings are appropriate and necessary pursuant to a statute, administrative regulation, or court rule," Fed. Cir. R. 25.1(d)(3)(A). "All motions should explain in detail the propriety of confidentiality and provide reasons and/or legal citations for each source of information sought to be marked as confidential." *Id.* The Coalition's conclusory motion does not even attempt to make that showing. The only justification for redacting the information is that it was covered by a protective order in the underlying proceedings, ECF No. 56 at 1, but our "rules require more to justify granting [the] request," *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, No. 2021-2106, slip op. at 2 (Fed. Cir. Dec. 23, 2021), ECF No. 46.

Moreover, the appellants note that despite the Commission's insistence that the names are covered under a protective order, the names appear unredacted in filings in the underlying proceedings. While "[m]aterial that is covered by a protective order [ ] may be marked confidential"

in the appendix, Fed. Cir. R. 25.1(d)(2), "[m]aterial will lose its status as subject to a protective order . . . if and when it [ ] has appeared in a filing without being marked confidential," Fed. Cir. R. 25.1(c)(1), and then "may not be marked confidential," Fed. Cir. R. 25.1(d)(2).

Accordingly,

IT IS ORDERED THAT:

(1) The Coalition's motion is denied, and its confidential and non-confidential briefs are not accepted for filing. Within 10 days of the date of filing of this order, the Coalition shall file corrected briefs with either up to 15 unique words redacted or a new motion to waive Rule 25.1(d)(1) that "explain[s] in detail the propriety of confidentiality and provide[s] reasons and/or legal citations for each source of information sought to be marked as confidential," Fed. Cir. R. 25.1(d)(3)(A). When filing the corrected briefs, the court notes that to the extent required by Federal Circuit Rule 25.1(a)(2), the applicable cover letter and protective order should be filed as a separate .pdf but in the same entry as the corresponding corrected brief.

(2) The appellants' motion is denied.

FOR THE COURT

April 6, 2023
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court