NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMSTED RAIL COMPANY, INC., ASF-K DE MEXICO S. DE R.L. DE C.V., STRATO, INC., TTX CO.,**
*Plaintiffs-Appellants*

**WABTEC CORPORATION,**
*Plaintiff*

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION, ACTING SECRETARY TO THE UNITED STATES INTERNATIONAL TRADE COMMISSION KATHERINE M. HINER, in her official capacity, COALITION OF FREIGHT COUPLER PRODUCERS,**
*Defendants-Appellees*

---

2023-1355

---

Appeal from the United States Court of International Trade in No. 1:22-cv-00307-GSK, Judge Gary S. Katzmann.

---

**ON MOTION**

---

Before PROST, *Circuit Judge*.

# O R D E R

The Coalition of Freight Coupler Producers moves to waive the redaction limits of Federal Circuit Rule 25.1(d)(1)(A) and to redact 180 unique words* in its response brief relating to three categories of information: (1) personally identifiable information of an attorney and law firm, (2) certain accusations against that attorney and law firm, and (3) terms of an engagement agreement. The Coalition states that the International Trade Commission supports the motion and that the appellants (collectively, "Amsted Rail") take no position on the motion.

There is a strong presumption in favor of public access to appellate court proceedings. *See In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011). This court's rules therefore only permit parties to "mark as confidential up to fifteen (15) unique words" in their briefs, Fed. Cir. R. 25.1(d)(1)(A), and any request to deviate from the rule must "establish why the additional markings are appropriate and necessary pursuant to a statute, administrative regulation, or court rule," Fed. Cir. R. 25.1(d)(3)(A). That showing has not been made.

The Coalition acknowledges that the information in the first two categories is already publicly available in filings

---

\* The Coalition indicates that it seeks to redact "62 words not previously treated as confidential by this Court in this Appeal," ECF No. 71-1 at 6, pointing to information redacted in prior motions practice. While Federal Circuit Rule 25.1(d)(1)(C) does provide an exemption for confidential markings where "a responsive filing uses material previously marked confidential in the filing(s) to which it responds," no words are marked confidential in Amsted Rail's opening brief and thus that rule is inapplicable to the Coalition's response brief.

in the underlying proceeding. *See* ECF No. 72-1 at 9 (noting that the appellants "again made their [ ] accusation publicly"); *id.* at 11 (noting that the appellants' briefing "made the [identifying] information public"). It also appears that information pertaining to the terms of an engagement agreement was disclosed without objection in the appellants' unredacted opening and reply briefs. *Compare* Coalition's Proposed Confidential Resp. Br. at 7–8, *with* Appellants' Opening Br. at 6–7 (describing the client named in the engagement letter and the engagement's scope); *compare* Coalition's Proposed Confidential Resp. Br. at 45, 46, 54, *with* Appellants' Reply Br. at 25–26 (describing engagement letter's "advance waiver of potential future conflicts").

Accordingly,

IT IS ORDERED THAT:

The Coalition's motion is denied, and its corrected response brief, with no more than 15 unique words redacted, is due no later than ten days from the date of filing of this order.

FOR THE COURT

May 24, 2023
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court